SCHOENMAN BROTHERS COMPANY, Appellant, v. LOF-
FER, et al., Respondents.

(178 N. W. 934.)

(File No. 4690.   Opinion filed July 30, 1920.)

1. **Mechanics Liens—"Contract With Owner" Or Agent, For Materials, Failure to Prove—Statute—Owner's Testimony That Husband Authorized to "Do Whatever He Did," Effect—Wife's Valid Objection to Husband's Testimony, Re Statute.**

In a suit to foreclose mechanic's lien, under Sec. 1643, Rev. Code 1919, providing that one contributing material for improvements on realty, "whether under a contract with the owner * * or at the instance of any agent * * of such owner," shall have a lien, held, the evidence fails to show contribution of material under any such contract; that, while owner of the realty testified her husband, co-defendant, had authority from her to do "whatever he did" in the premises, yet, she having properly objected to plaintiff's proving through her husband's testimony that it was through his instance that the improvement was made (Rev. Code 1919, Sec. 2717,) no case was made; following Churchill & Alden Co. v. Ramsey, 42 S. D. 23, 172 N. W. 779.

2. **Evidence—Mechanics Liens—Owner's Failure to Claim Premises As Homestead, Cross-examination Re, Re Bad Faith, Incompetency, Where Evidence Showed Purchase, Improvement, of Homestead.**

It was not error to exclude testimony of defendant owner of realty in suit to foreclose mechanic's lien thereon; plaintiff's purpose being to show deefndant's bad faith in not informing it she claimed premises as homestead; there being evidence that

she purchased the property for, and that the improvement was erected thereon for purpose of making the place, her homestead, there being no evidence tending to show plaintiff understood or believed them to be other than homestead.

3.  **Mechanics Liens—Debt For Material as Purchase Price, Whether Foreclosable As Vendor's Lien—Homestead Defence, Whether Availing.**

One seeking foreclosure of mechanic's lien, can not in such suit maintain contention that the debt for the material furnished in part of purchase price of the homestead, and is therefore an integral part thereof, and that therefore defence of homestead was unavailing; since Sec. 455, Code 1919, providing for sale of homestead for any debt "created for the purchase thereof," does not relate to mechanic's liens. There is no law in this state under which vendor can acquire **mechanic's lien** for any part of purchase price of a homestead—in nature of things it is impossible.

Appeal from Circuit Court, Minnehaha County. Hon. John T. Medin, Presiding Judge.

Action by Schoenman Brothers Company, a corporation, against Della Loffer and others (impleaded with Smith Hardware and Harness Company, T. G. Cook, H. W. Claus, E. L. Smith, Holland Furnace Company, Eilbert Odson, Home Building Company, and J. R. Woolridge,) to foreclose a mechanic's lien. From a judgment for Plaintiff, and from an order denying a new trial, defendants Della Loffer, H. I. Loffer, and Union Savings Association appeal. Affirmed.

*Kirby, Kirby & Kirby,* for Appellant.

*Christopherson, Melquist & Davenport,* for Respondent Union Savings Association.

*Davis, Lyon & Bradford,* and *H. I. Loffer,* for Respondents for Della Loffer and H. I. Loffer.

(3) To point three, Appellant cited: Waples on Homestead and Exemption, Page 331; Thompson on Homestead & Exemptions §372.

Respondents Della and H. I. Loffer cited: Waples on Homestead & Exemptions, 362; Smith v. Lackor, 23 Minn., 454.

WHITING, J. Plaintiff brought this action seeking to foreclose an alleged mechanic's lien against property the title to which stood in the name of the defendant Della Loffer. Findings, con-

clusions, and judgment were against plaintiff. From the judgment and from an order denying a new trial, this appeal was taken.

[1] Section 1643, Rev. Code 1919, provides among other things, that one who contributes material for improvements on real estate, "whether under a contract with the owner of such real estate or at the instance of any agent * * * of such owner, shall have a lien. * * *"

Plaintiff wholly failed to prove that the material contributed by it was contributed under any contract with the owner or at the instance of any agent. It is true that the owner testified that her husband, one of her codefendants, had full authority from her to do whatever he did in the premises. It is also true that plaintiff apparently sought, through the testimony of the husband, to prove that it was through his instance that the improvement was made. But the wife objected to his testifying for plaintiff. This objection was rightfully sustained under section 2717, Rev. Code 1919; Churchill & Alden Co. v. Ramsey, 172 N. W. 779.

[2] Appellant assigns as error the ruling of the court excluding answers to certain questions asked Della Loffer upon cross-examination, which questions were evidently asked for the purpose of showing that she did not act in good faith, in that she failed to advise plaintiff that she claimed the premises in question as a homestead. There was no error in such rulings. There was evidence that the premises in question, upon which the improvement was made, were purchased by her for a homestead, and that the improvement was erected thereon for the purpose of making such premises the home of herself and family; and there was no evidence received or offered showing, or tending to show, that plaintiff understood or believed such premises to be other than such homestead.

[3] Appellant also contends that the improvement was an integral part of the homestead; that the debt for material furnished is a part of the purchase price of such homestead; and that, because of section 455, Rev. Code 1919, the defense of homestead was unavailing. Such section provides:

"The homestead may be sold for any debt created for the purchase thereof."

No such question as appellant now seeks to raise is presented

under the pleadings herein, and therefore no such question was before the trial court. This action was brought to foreclose a mechanic's lien. If appellant thought that, by virtue of said section 455 and section 1689 (giving vendor lien on real estate for unpaid purchase money), it had and was entitled to foreclose such a lien on this property, or that, by virtue of said section 455, it was entitled to satisfy a judgment by a sale of this real property, he should have proceeded accordingly, and not sought the relief prayed for in this action. Section 455 in no manner relates to or affects the mechancis' lien law of this state. There is absolutely no law in this state under which a vendor can acquire a mechanic's lien for any part of the purchase price of a homestead—from the very nature of things it is impossible.

The judgment and order appealed from are affirmed.