STATE EX REL. COE, RELATOR, *v.* DISTRICT COURT ET AL.,
RESPONDENTS.

(No. 5,723.)

(Submitted April 3, 1925.   Decided April 25, 1925.)

[235 Pac. 766.]

*Process—Summons—Witnesses and Suitors from Foreign Juris-*
*dictions Exempt While Attending Court.*

1.   Under the rule based upon considerations of public policy and the
due administration of justice that witnesses and suitors from a for-
eign jurisdiction are exempt from service of civil process while at-
tending court and for such reasonable time before and after as may
enable them to come and return to their homes, *held,* on application
for writ of prohibition, that a nonresident litigant in a court of this
state was immune from service of summons during his temporary
presence within the state while attending court as a witness in a cause
in which he was plaintiff, and that refusal of the district court to
quash the service of summons was error.

Process, 32 **Cyc.**, p. 492, n. 45; p. 522, n. 94.

Original application by the State, on the relation of U. C.
Coe for writ of prohibition to the District Court of the Eighth
Judicial District, in and for the County of Cascade, and the
Honorable H. H. Ewing, Judge thereof.   Peremptory writ
issued.

*Messrs. Norris, Hurd & Rhoades* and *Mr. E. J. McCabe,* for
Relator, submitted an original and a reply brief; *Mr. McCabe*
argued the cause orally.

The rule is well established by the overwhelming weight of
authority that a person who is a resident of another state, tes-

---

1.   Duration of privilege from service of party to action attending
court, see note in 11 Ann. Cas. 1146.

Exemption of nonresident party from service of civil process while
in state in connection with case, see notes in 6 Ann. Cas. 637; 18
Ann. Cas. 127; Ann. Cas. 1915D, 985; 42 **L. R. A.** (n. s.) 1101; **L. R. A.**
1915A, 694; **L. R. A.** 1916E, 1173.

Exemption of suitor in an intermediate state en route to or from
trial, see note in **L. R. A.** 1916A, 738.   See, also, 21 **R. C. L.** 1308.

tifying in a court as a witness, is entitled to claim immunity from service upon him of the civil process of the courts of the state into which he has come as a witness, in actions instituted against such nonresident in the courts of such state while he is in attendance upon the court as a witness and for a reasonable length of time before and after appearing and so testifying. (*State ex rel. Lane* v. *District Court,* 51 Mont. 503, L. R. A. 1916E, 1079, 154 Pac. 200; *Hammons* v. *Superior Court,* 63 Cal. App. 700, 219 Pac. 1037; *Smith* v. *Iverson,* 63 Utah, 292, 225 Pac. 603, 605; *Davies* v. *Lutz,* 110 Kan. 657, 205 Pac. 637; *Burroughs* v. *Cocke & Willis,* 56 Okl. 627, 156 Pac. 196; *Powelson* v. *Proctor & Gamble Co.,* 200 App. Div. 447, 193 N. Y. Supp. 93; *Long* v. *Hawken,* 114 Md. 234, 42 L. R. A. (n. s.) 1101, 79 Atl. 190; *Higgins* v. *California etc. Growers,* 282 Fed. 550, 551; *Stewart* v. *Ramsay,* 242 U. S. 128, 61 L. Ed. 192, 37 Sup. Ct. Rep. 44 [see, also, Rose's U. S. Notes Supp].)

The immunity from service of process is not confined to witnesses but is extended to suitors as well, both plaintiff and defendant. (*State ex rel. Lane* v. *District Court, supra; Sofge* v. *Lowe,* 131 Tenn. 626, L. R. A. 1916A, 734, 176 S. W. 106; *Diamond* v. *Earle,* 217 Mass. 499, Ann. Cas. 1915D, 984, 51 L. R. A. (n. s.) 1178, 105 N. E. 363; *Read* v. *Neff,* 207 Fed. 890.)

*Mr. George A. Judson,* for Respondents, submitted a brief and argued the cause orally.

The important issue in this case, the decision upon which may be very far-reaching, is whether or not the circumstances in this case are such that the privilege of the nonresident plaintiff to claim exemption from process extended to the relator Coe. It was held in *Parmentier* v. *Cassies,* 5 Alaska, 83, that a nonresident plaintiff was not exempt from service in action on obligation previously incurred in the state, which obligation, if merged in judgment, may be set off against plaintiff's judgment. This case seems to be directly in point.

Privilege depends on facts of the particular case. (*Liberty Morocco* v. *Roth* (Del.), 119 Atl. 312.)   A nonresident is not exempt from service of summons upon him in a civil suit against him while in attendance upon a court within the state as plaintiff in a suit therein. (*Gwynn* v. *McDaneld*, 4 Idaho, 605, 25 Am. St. Rep. 158, 43 Pac. 74. See note, *Worth* v. *Norton*, 76 Am. St. Rep. 536.)

If a nonresident voluntarily appears in the courts of this state for the purpose of suing out an attachment for fraud against the citizen here and gives a bond, but the attachment is quashed, he is not exempt from the service of the summons issued to bring him into court to respond in damages for the wrongful and malicious issuing of the attachment when he comes into this state after the quashing of the attachment for the purpose of testifying in the main action. (*Mullen* v. *Sanborn*, 79 Md. 364, 47 Am. St. Rep. 421, 25 L. R. A. 721, 29 Atl. 522.)

In some jurisdictions a nonresident attending a court as a witness in a suit to which he is a party is not exempt from the service of process in another suit. (*Capwell* v. *Sipe*, 17 R. I. 475, 33 Am. St. Rep. 890, 23 Atl. 14.)   A nonresident plaintiff who voluntarily attends court in the state where suit is brought is amenable to ordinary civil process in another action. (*Baisley* v. *Baisley*, 113 Mo. 544, 35 Am. St. Rep. 726, 21 S. W. 29.)   A nonresident suitor attending court in the prosecution of a suit is not exempt from the service of summons against him in another suit. (*Baldwin* v. *Emerson*, 16 R. I. 304, 27 Am. St. Rep. 741, 15 Atl. 83.)

It was held in *Linn* v. *Hagen*, 121 Ky. 627, 27 Ky. Law Rep. 1113, 87 S. W. 1101, that the execution exemption of the witness when allowed is a personal one and that a witness who had come from a foreign jurisdiction to testify in a pending case may nevertheless be served in a representative capacity as administratrix.

Inasmuch as the contract sued upon in the case of *Harri* v. *Coe* was directly connected with and really a part of the same transaction as that sued upon in the case of *Coe* v. *Taylor*, in the light of the foregoing decisions it would appear that Coe was not exempt from the service of process. To hold otherwise would be granting to a nonresident the use of our courts to prosecute and maintain an action against the citizen of this state and at the same time deny the citizen of this state a right to enforce the contract made by Coe in this state, to be performed in this state, and therefore compel a resident of this state to go to the state of Washington in order that he might enforce a contract made by the defendant Coe in this state, to be performed here.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an original application for a writ of prohibition. An alternative writ was issued, and upon return thereto made by the respondents the matter was argued and submitted. There are no disputed questions of fact.

The sole question presented for solution is whether a non-[1] resident litigant in the courts of this state is accorded immunity from service of process during his temporary presence within the state in consequence of the trial of a pending action wherein he is a witness.

It appears that on or about the eleventh day of June, 1923, the relator, as trustee "of a certain trust estate or common-law trust, designated Coe Drilling Company," brought an action in conversion in the district court of Cascade county against one Thomas Taylor, as defendant, to recover the sum of $5,457.10, together with interest and costs, the principal sum representing trust funds entrusted to the keeping of the defendant, alleged to have been by him converted to his own use. After issue joined, this action was regularly brought on for trial on the ninth day of April, 1924, and was concluded on the eleventh day of April, 1924, resulting in a verdict by a jury in favor of

the relator, as such trustee, for the full amount claimed.  The relator, a citizen and resident of the state of Oregon, was temporarily in the city of Great Falls in attendance upon the trial of such action as a witness therein, between 6:45 P. M., April 7, and 9:30 P. M., April 11, 1924.  He had gone to Great Falls from his place of residence in Portland, Oregon, as a witness in that action pursuant to the request of his attorney, and immediately after the trial departed en route to his home.  He was not called as a witness in the case and did not give his testimony therein until the morning of April 11, 1924.  While so in attendance upon the court, at about the hour of 1:30 P. M., April 11, 1924, he was served with a summons and a copy of the complaint in an action for damages instituted in the district court of Cascade county, wherein one Fritz Harri is the plaintiff and U. C. Coe the defendant, which action is predicated upon the alleged breach of a contract in writing executed by Coe with Harri for the drilling of an oil-well.  In the district court a motion was made by the relator in the action instituted by Harri to quash and set aside the service of summons, which was denied.

The universal rule is that witnesses and suitors from a foreign jurisdiction are exempt from service of civil process while attending court and for such reasonable time before and after as may enable them to come and return to their homes.  The rule is an ancient one and is broad enough to include the parties to an action as well as witnesses therein.  The reason upon which it rests is that justice requires the attendance of witnesses cognizant of material facts, and hence that no unreasonable obstacle ought to be thrown in the way of their freely coming into court to give oral testimony.  Nonresidents cannot be compelled to come within the jurisdiction to testify.  As such testimony may be essential in the due administration of justice, they ought to be protected in coming voluntarily into our courts to aid in the ascertainment of truth in the accomplishment of right results by the courts.  It is not merely a

privilege of the person; it is a prerogative extended by the sovereign power through the courts in furtherance of justice. Every party has a right to testify in his own behalf. He cannot do this freely, if hampered by the hazard that he may become entangled in other litigation in foreign courts. This canon is generally applied in behalf of witnesses coming from a foreign state, and is usually applied to parties litigant residing outside the state, where the action is pending. It is proper in application to both. (*State ex rel. Lane* v. *District Court,* 51 Mont. 503, L. R. A. 1916E, 1079, 154 Pac. 200; 32 Cyc. 492; 21 R. C. L. 1305; *Rizo* v. *Burruel,* 23 Ariz. 137, 19 A. L. R. 825, 202 Pac. 234.)

In 21 Ruling Case Law, page 1305, it is thus stated: "The immunity from service of civil process of a witness while attending a trial in a state other than that of his residence to give evidence seems to be universally recognized. As to whether a suitor is entitled to a like exemption there is some conflict in the authorities. In some states the courts hold that while a nonresident witness is exempt from the service of process in another suit, a nonresident suitor is not entitled to such an exemption. But a different view has been taken by the great weight of authority, which declares both party and witness alike entitled to the privilege, especially in states where parties are entitled to be examined as witnesses. The rule is broad enough to include plaintiffs as well as defendants, and no distinction has generally been made between them, although there are contrary decisions." The rule has been crystallized into statute in this state as respects the attendance of witnesses in criminal actions. (Secs. 10676–10679, inclusive, Rev. Codes 1921.)

There exists a minority rule as to litigants, but many of the cases giving support to a contrary doctrine rest upon entirely different considerations from those here presented. Many such authorities are distinguishable as to the facts and have no application. For example, the leading case of *Rizo* v. *Burruel, supra,* involved the custody of a minor child. The rival claim-

ants were her father and Mr. and Mrs. Pastor Burruel, the child at the time of the controversy being in the custody of the Burruels in the state of Arizona. The father, a citizen of Mexico, came into the jurisdiction of the superior court of Arizona to prosecute a writ of *habeas corpus* to obtain custody of the child, and thereupon her custodians petitioned the court for leave to adopt the child. A decree of adoption was granted as prayed, and the writ of *habeas corpus* denied. The court said: ''While most of the courts have been careful to protect foreign litigants in the matter of their privilege to claim immunity from being sued generally, we think that no case will be found that would limit the adversary party to the particular method of presenting the question involved selected by such foreign litigant. In the present case, for instance, the question involved is the status of the infant child, Julia, and we cannot see wherein the privileges or immunities of the father have been invaded, whether that status is determined in the application for writ of *habeas corpus* or in the petition for leave to adopt.''

In *State ex rel. Lane* v. *District Court, supra,* a case arising under facts similar to those in the matter under consideration, this court, after announcing the general rule as herein declared, said: ''Considerations of public policy and the due administration of justice prompt the enforcement of the rule, to the end that the personal presence of witnesses from foreign jurisdictions in the local courts may be encouraged.'' There is no good reason for not following the doctrine thus so firmly established.

The district court was in error in refusing to quash the process in the case of *Harri* v. *Coe.* Accordingly, a peremptory writ will issue restraining further proceedings.

*Peremptory writ issued.*


MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.