DAVID JACOBSON v. GEORGE S. HOSMER, CIRCUIT JUDGE OF WAYNE COUNTY.

*Service of process—Arrest—Privilege—Non-resident plaintiff—Mandamus.*

1. The *right* of a person to be sued at his own domicile is not a *technical* one, but one of some importance, and should not be taken away except in *strict* compliance with law; and non-residents, *as a rule*, must sue their respondents at home.

2. Without passing upon the point, it is suggested that the right of non-residents of the State to sue a defendant, in an action of tort for combining with plaintiff's debtor to secrete and dispose of his property in fraud of the creditor's rights, in any but defendant's *home* county, is open to some question, notwithstanding the joinder as a co-defendant of a resident of the county where suit is brought; the Court holding it oppressive to resort to such proceedings without some good reason, and that the service cannot be upheld, if unfair and in fraud of any legal privilege.

3. A respondent in a criminal case, who has been arrested in another than his *home* county, has a right to consult counsel, and, on being released on bail pending his examination, it is not unreasonable for him on his way home to go to another county, where his regular counsel lives, for *that* purpose, and a delay after his arrival of a day while waiting to obtain such advice is not unreasonable; and the service upon him of process, in a civil suit involving the same facts upon which the criminal prosecution is based, while consulting with his attorney, is a breach of privilege and an abuse of process, and *mandamus* will lie to compel the setting aside of such service.

*Mandamus.* Submitted June 26, 1889. Granted July 11, 1889.

Relator applied for a *mandamus* to have a service of summons set aside for breach of privilege. The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*Adolph Sloman,* for relator.

*Dickinson, Thurber & Stevenson,* for respondent.

CAMPBELL, J.   Relator applied for a *mandamus* to have a service of summons set aside for breach of privilege.   The motion was made before respondent, who allowed issues to be raised by counter-affidavits to an extent beyond the usual practice, and returns findings upon them which we might not have found.   But as, upon the view he himself took of the case, the motion ought to have been granted, we shall not discuss technicalities.

Relator, while at Vassar attending to business, was sued civilly, and was also arrested criminally, on the twenty-fourth of January, 1889; the criminal charge being on the complaint of E. G. Stevenson, an attorney of this Court.   Being let to bail in the latter part of that day, he came the next morning to Detroit, reaching there in the afternoon, to consult Mr. Sloman, who had long been his counsel.   Mr. Sloman was not to be found on that day, being absent, but came back in the evening, and was visited for consultation on the twenty-sixth.   While relator was in Mr. Sloman's office on the same business on that day, he was served with a summons issued from the Wayne circuit court in a suit brought by the firm of which Mr. Stevenson is a member, for the same torts involved in the criminal complaint on which he had been arrested.   That suit was in favor of non-residents of the State, and relator resides at Greenville, Montcalm county, and all his co-defendants, except one Krohn, lived in other counties than Wayne, and the cause of action arose in another county. Krohn had not been served with process when the motion to discharge relator was made on February 20, and the original summons was never served on him.   We find a variance between the printed and written return, as to when and how Krohn was subsequently served, but it does not become important.

It appears that Detroit was as convenient and usual a way of travel as any other between Vassar and Greenville, but this does not impress us as very significant, inasmuch as it was a common line of travel.

The right of a person to be sued at his own domicile is not a technical one, but one of importance, and should not be taken away except in strict compliance with law. And non-residents, as a rule, must sue their respondents at home. It is open to some question how far defendants can be sued in such an action of tort as the one now involved, in any county where they do not reside, merely because some one else may be sued with them, so long as the plaintiff does not reside in the State. See How. Stat. §§ 7316, 7547. We are not required to pass on this, and only refer to it to save any point that may be in it. It is oppressive to resort to such proceedings without some good reason. And the service cannot be upheld, if unfair and in fraud of any legal privilege.

Relator had a right to consult counsel in his defense in the criminal case, and it was not unreasonable to go where his regular counsel lived, on his way home, for that purpose. It cannot be treated as going out of his way to do so, and it cannot be held that he should cut short his consultation, so long as within reasonable bounds. Counsel cannot always be at the instant command of clients. In the present case relator was served in the office of his counsel on the day when he first procured access to him. The fact that the civil suit was for the same purpose as the criminal one, and begun by the complainant in that proceeding, negatives any idea that bringing it was a mere coincidence, or that the sheriff served the process accidentally. And, at any rate, the service was made while relator was on his way home, without any deviation as to his journey, and with no delay that was not fully justified. The case seems to us a very clear one, both of breach of privilege and of abuse of process, and we think the motion should have been granted.

Relator is entitled to a *mandamus*, with costs against the plaintiffs in the suit.

The other Justices concurred.