ADOLPHUS F. LINTON V. JOHN W. COOPER.

FILED APRIL 8, 1898. No. 7964.

1. **Process: Witness: Non-Resident.** A non-resident suitor, or witness, who comes into this state for the sole purpose of attending the trial of a cause pending therein, as a party or witness, is privileged from service of civil process not only while coming to, returning from, and attending upon, the court, but for a reasonable time after the hearing to prepare for his return home.

2. ——: ——: ——: **Question of Fact.** What constitutes a reasonable time for a party or witness to take his departure is a question of fact to be determined from the evidence adduced in each particular case.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J. *Affirmed.*

The opinion contains a statement of the case.

*John T. Cathers* and *William A. Redick,* for plaintiff in error.

In arguing the point that defendant was not privileged from service of process at the time the summons was served upon him, reference was made to the following cases: *Palmer v. Rowan,* 21 Neb. 452; *Clark v. Grant,* 2 Wend. [N. Y.] 257; *Baldwin v. Emerson,* 15 Atl. Rep. [R. I.] 83; *Baisley v. Baisley,* 21 S. W. Rep. [Mo.] 29; *Page v. Randall,* 6 Cal. 32; *Bishop v. Vose,* 27 Conn. 1; *Capwell v. Sipe,* 23 Atl. Rep. [R. I.] 14; *Selby v. Hills,* 8 Bing. [Eng.] 165; *Spence v. Stuart,* 3 East [Eng.] 89; *Catlett v. Morton,* 4 Lit. [Ky.] 122; *Smythe v. Banks,* 4 Dall. [U. S.] 329; *Nichols v. Horton,* 14 Fed. Rep. 329; *Moletor v. Sinnen,* 44 N. W. Rep. [Wis.] 1099.

*Charles A. Goss, contra:*

Parties and witnesses are exempt from service of process for a reasonable time, and the privilege extends to non-residents. (*Thompson's Case,* 122 Mass. 428; *Palmer v. Rowan,* 21 Neb. 452; *Ex parte McNeil,* 6 Mass. 245; *Wood*

*v. Neale*, 5 Gray [Mass.] 538; *May v. Shumway*, 16 Gray [Mass.] 86; *Parker v. Hotchkiss*, 1 Wall. Jr. [U. S.] 269; *Halsey v. Stewart*, 4 N. J. Law 420; *Watson v. Judge*, 40 Mich. 729; *Mitchell v. Huron*, 53 Mich. 541; *Person v. Grier*, 66 N. Y. 124; *Matthews v. Tufts*, 87 N. Y. 568; *Bolgiano v. Gilbert Lock Co.*, 73 Md. 132; *Capwell v. Sipe*, 17 R. I. 475; *Baisley v. Baisley*, 113 Mo. 544; *Page v. Randall*, 6 Cal. 32; *Bishop v. Vose*, 27 Conn. 1.)

Cases referring to question of what is a reasonable time: *Hatch v. Blisset*, Gil. [Eng.] 308; *Sidgier v. Birch*, 9 Ves. Jr. [Eng.] 69; *Ricketts v. Gurney*, 7 Price [Eng.] 699; *Persse v. Persse*, 5 H. L. Cas. [Eng.] 670; *Norris v. Beach*, 2 Johns. [N. Y.] 294; *Ex parte Hurst*, 1 Wash. C. C. Rep. [U. S.] 186; *Sahlinger v. Adler*, 25 N. Y. Sup. Ct. 704; *Jacobson v. Hosmer*, 42 N. W. Rep. [Mich.] 1110.

NORVAL, J.

This action was brought in the district court of Douglas county to recover the sum of $75,000. The defendant was personally served with summons in that county. He made special appearance in the cause and objected to jurisdiction of the court over his person, and moved to quash the service of the summons, on the ground that he was a non-resident and had been in attendance before the court in another cause as a witness, and a reasonable time had not elapsed after the trial thereof to enable him to return to his home. The service of process was set aside and the action dismissed.

The record discloses that the defendant is a British subject and a citizen and a resident of England; that on September 19, 1894, he came to Omaha solely as a party and witness to be present at the trial of a cause then pending in the district court of Douglas county, wherein Phœbe R. E. E. Linton and Adolphus Frederick Linton were plaintiffs, and John Whitaker Cooper and others were defendants, with the intent to depart from Omaha at the earliest possible moment after the conclusion of the trial, which was commenced on Monday, October 1,

1894, continued from day to day until Thursday, October 11, at about 5 o'clock P. M. of that day, when the cause was submitted to the court, by it taken under advisement, and the decision therein announced on October 20; that the defendant herein was present during the entire trial of that cause in the capacity of defendant and witness; that on October 11, and within fifteen minutes of the close of the trial, defendant was served with a summons in a suit brought against him before a justice of the peace of Douglas county by the said Phœbe R. E. E. Linton, and within an hour thereafter he was served with another summons in an action brought by said Phœbe in said district court, and that summons in the present action was served upon defendant on Saturday, October 13, 1894, between 3 and 4 o'clock P. M. in the court house of Douglas county.

Public policy, the due administration of justice, and the protection of parties and witnesses demand that non-resident suitors and witnesses alike be protected from the service of civil process while necessarily in attendance upon court. This privilege or immunity extends to parties and witnesses not only while coming to, returning from, and in actual attendance upon, the court for the purpose of trial, but for a reasonable time after the hearing to prepare for departure. This is the settled doctrine of this and other courts. (*Palmer v. Rowan*, 21 Neb. 452; *Mayer v. Nelson*, 54 Neb. 434; *Fisk v. Westover*, 4 S. Dak. 233; *Wilson v. Donaldson*, 117 Ind. 56; *First Nat. Bank of St. Paul v. Ames*, 39 Minn. 179; *Mulhearn v. Press Publishing Co.*, 53 N. J. Law 150; *Parker v. Marco*, 136 N. Y. 585; *Andrews v. Lembeck*, 46 O. St. 38; *Jacobson v. Wayne Circuit Judge*, 76 Mich. 234; *Gregg v. Sumner*, 21 Ill. App. 110; *Christian v. Williams*, 35 Mo. App. 297; *Partridge v. Powell*, 180 Pa. St. 22; *Kinne v. Lant*, 68 Fed. Rep. 436; *Smythe v. Banks*, 4 U. S. 329.*) Judge Thompson, in *Christian v. Williams*, 35 Mo. App. 297, uses this language: "The reason which extends the immunity to a non-resident witness is, that he cannot be brought within the

jurisdiction to testify by compulsory process; and as his testimony may be needed in order to the due administration of justice, he ought not to be deterred from coming by the possibility of being entangled in other litigation by reason of coming. The same reason extends in a measure to the presence of a litigating party. The due administration of justice is presumptively promoted by his being present at the trial of a cause to which he is a party, in order to instruct his counsel, and it is therefore prejudicial to the administration of justice that a rule should exist which may deter him from coming." There is some conflict among the decided cases, but, in weight and reason, the decisions range themselves in strong array in support of the principle announced in the foregoing excerpt.

The testimony adduced in support of the motion to set aside the service of process herein tends to show that after the conclusion of the hearing on October 11, 1894, defendant had a large amount of business to transact with his counsel in connection with said cause as a party litigant; that important features were to be discussed and contingencies to be provided for in relation thereto, since the decision had not been announced; that his personal effects and baggage were to be packed; that hundreds of documents which he had brought with him from England to be used in the trial of said cause had become disarranged and scattered during the trial and it was necessary to gather these up, sort, and arrange them so a portion could be left with his counsel and the remainder packed for reshipment for England; that affidavits were required to be prepared for the purpose of supporting the motion to quash the service of the writs in the two other cases already mentioned which had been sued out against Cooper; that defendant and his counsel, immediately after the close of the hearing on October 11, began to make all necessary preparations to enable defendant to leave Omaha and the state at the earliest practicable moment consistent with the business which brought him

to the city, and both continued their efforts in that behalf incessantly, and with all due haste, up to the time the summons herein was served upon the defendant. The question is whether the service of process was had while Cooper was in attendance upon the district court of Douglas county as a suitor and witness, and before sufficient time had elapsed for him to depart from the county. No definite rule can be laid down as to the length of time a party or witness may have to return to his home other than that the law gives him a reasonable time to depart from the court. What is, and what is not, a reasonable time for such purpose is a question of fact to be ascertained from the evidence adduced and the circumstances surrounding each particular case. What would be reasonable for one person might be wholly unreasonable for another. We think, under the facts disclosed by this record, Cooper was privileged from service of summons in this action, especially since the cause in which he had appeared as a party and testified as a witness was undetermined when this service was had, and because a reasonable time after the hearing therein for him to take his departure from the state had not yet elapsed. The facts bring this case within the letter and spirit of the rule, and the reason upon which it is based, which protects parties and witnesses from the service of process in civil cases while attending court in a jurisdiction other than the one where they reside. (See *Jacobson v. Wayne Circuit Judge*, 76 Mich. 234; *Kinne v. Lant*, 68 Fed. Rep. 436; *Hatch v. Blisset*, Gilbert's Cas. [Eng.] 308; *Sidgier v. Birch*, 9 Vesey's Ch. [Eng.] 69; *Ricketts v. Gurney*, 7 Price's Rep. [Eng.] 699; *Lightfoot v. Cameron*, 2 Sir William Blackstone Rep. [Eng.] 1113.)

The motion to set aside service of process in this cause was properly sustained, and the judgment, therefore, must be

AFFIRMED.