HORACE A. GREENWOOD V. ERIE W. FENTON ET AL.

FILED APRIL 8, 1898. No. 7991.

Statute of Limitations: INTEREST ON JUDGMENT: EXTENSION OF TIME. A agreed with B that if B would purchase a judgment against A the latter would pay B ten per cent interest on that judgment and another in favor of B, instead of seven, the rate each bore. The object was to obtain an extension of the time of payment. About five years thereafter A paid both judgments with interest at seven per cent, according to their terms. B then sued for the additional interest. *Held*, That the promise, while in a sense collateral, was to pay interest as such, and that the interest was not payable until the principal should be paid, that therefore the statute of limitations had not run.

ERROR from the district court of Gage county. Tried below before BUSH, J. *Reversed.*

*E. N. Kauffman*, for plaintiff in error.

*A. Hardy, contra.*

IRVINE, C.

In 1888 a decree was rendered against Erie W. Fenton and Addie C. Fenton, his wife, foreclosing two mechanics' liens, one in favor of the National Lumber Company and one in favor of Horace A. Greenwood. Soon thereafter the claim of the lumber company was purchased by Greenwood. The decree then stood without action until five years, less a few days, from its rendition, when, an order of sale having been issued, Fenton paid it in full. Greenwood then brought this action against the Fentons, alleging that the Fentons had agreed that if he would purchase the judgment of the lumber company, they would pay him ten per cent interest on both judgments, they theretofore bearing only seven per cent. The prayer was for the additional three per cent on the amount of the judgments. The answer was a general denial of the contract, a special denial by Mrs. Fenton of her husband's authority to so contract on her behalf, and a plea of the statute of limitations. There was a verdict and judgment for the defendants.

The plaintiff assigns as error the giving of two instructions with reference to the statute of limitations, and the refusal to give one on that subject requested by the plaintiff. The instructions given were to the effect that if four years had elapsed from the expiration of what would be a reasonable time for the payment of the judgment, before the commencement of the suit, the verdict must be for the defendants. The court evidently took the view that, there being no time fixed during which plaintiff should not enforce his judgment, and it being evident that Fenton had induced him to purchase the lumber company's judgment in order to obtain an extension of some kind, the contract, in effect, was that plaintiff was to forbear a reasonable time, and that the statute of limitations began running against the demand

Greenwood v. Fenton.

for the additional interest from the expiration of such reasonable time. Certainly these instructions were wrong. They could only be right if the contract were to be construed as wholly collateral to the original debt, and then as contemplating the payment of additional interest independent of the payment of principal and at and only for a reasonable time after the judgment was bought. Collateral to the principal debt the agreement certainly was to a certain extent, but the evidence in no way supports any such theory of the duration of the agreement. As testified to by plaintiff's witnesses, the agreement was generally to pay ten per cent interest on the judgments—a rate which would endure until the debt should be paid. Even if periods for paying the interest had been agreed upon, and if the contract were so far independent of the debt that the statute would run from the time an installment of interest became due, it is plain that several years' additional interest had accrued within the statutory period and recovery could be had for this in any event. But as the case must be retried it is proper to give our views with more certainty as a guide for the court in the next trial. The agreement, if it existed, while it perhaps did not merge into the judgments and become, strictly speaking, a term injected therein, still was an agreement to pay interest as interest. No time of payment was fixed; and in such case the interest, always an incident to the principal debt, is deemed payable therewith, and the statute does not run against the interest until the debt is barred. (*French v. Kennedy*, 7 Barb. [N. Y.] 452; *Bander v. Bander*, 7 Barb. [N. Y.] 560; *De Cordova v. City of Galveston*, 4 Tex. 470; *Grafton Bank v. Doe*, 19 Vt. 463.) Under the plaintiff's theory of the facts the plea of the statute of limitations was not available; the defendant did not set up a different contract which might make it available, but denied the contract altogether. As the verdict may have been based entirely on this defense, the error was prejudicial.

REVERSED AND REMANDED.