C. A. P. TURNER v. FRANK A. RANDALL AND ANOTHER.[1]

November 17, 1916.

Nos. 19,943—(94).

**Process — exemption of nonresident witness from service — time of return.**

    1. A resident of another state who comes into this state as a witness in a cause pending in one of our courts, and who is entitled to pro-

[1]Reported in 159 N. W. 958.

Note.—For authorities passing on the question of privilege of party from service of process as affected by road taken or time consumed, see note in 14 L.R.A.(N.S.) 663.

tection from the service of process while attending, does not lose the protection by not departing from the state on the first train after the termination of his service as such witness.

**Same — question of unreasonable delay one of fact.**

2. Whether by taking a later train, within nine hours after the termination of his service, when other trains direct to the home of the witness left the state at an earlier hour, he unreasonably delayed his departure from the state, presented a question of fact, and it is *held* that the court below did not err in holding that the delay was not unreasonable.

Action in the district court for Hennepin county to recover $56,243.44 for conspiracy. From orders, Hale, J., setting aside and vacating the service of summons upon defendants, plaintiff appealed. Affirmed.

*Booth & McDonald,* for appellant.

*A. B. Darelius* and *Benton & Morley,* for respondents.

BROWN, C. J.

Defendants both reside at Chicago, in the state of Illinois. They came to this state, one as a party and witness, the other solely as a witness, in attendance upon the trial of an action pending in the district court of Hennepin county. The trial of the action ended by an order of dismissal on February 18, 1916, at 11 o'clock a. m. Immediately thereafter defendants proceeded directly to a railroad ticket office and purchased tickets for their return to Chicago, making reservations upon a train leaving Minneapolis at 8 o'clock in the evening of that day, upon which train they departed from the state. During the afternoon of the eighteenth, and subsequent to the dismissal of the action, defendants were both served with the summons in this action. Thereafter, upon motion, the service was set aside, upon the ground that defendants were exempt therefrom, by reason of the fact that their presence in the state was for the sole purpose to attend the trial as witnesses of the action referred to. Plaintiff appealed.

Plaintiff does not question the rule that the resident of another state, who has in good faith come into this state as a witness in a cause pending in one of our courts, is exempt from the service of process in a civil action brought against him, providing he acts reasonably and does not

delay his departure from the state for an unreasonable time after the termination of his service as such witness. Sherman v. Gundlach, 37 Minn. 118, 33 N. W. 549. The claim is that the court below erred in not holding that defendants delayed their departure from the state for an unreasonable time. In this we do not concur. The claim of delay is predicated upon the fact that other trains upon the same and other railroads by regular schedule left for Chicago much earlier on the day the trial ended than the train selected by defendants, and that by not taking one of them defendants lost the protection of the rule. There were other trains over this and other roads, with leaving time all the way from 3 o'clock in the afternoon to 6:45 in the evening. But the rule requiring a departure from the state within a reasonable time is not so exacting as to impose upon the party the duty of making hot pursuit of the first train out of the state. No hard and fast requirements attend the rule and no precise time for departure can be stated as applicable alike to all cases. Much necessarily depends upon the situation and surroundings of each case, and the question resolves itself into one of fact. Linton v. Cooper, 54 Neb. 440, 74 N. W. 842, 69 Am. St. 727. And though there were earlier trains which defendants in this case could have taken, we are clear that the court was not required to find that their failure to do so was unreasonable within the proper meaning and purpose of the rule. Parker v. Marco, 136 N. Y. 585, 32 N. E. 989, 20 L.R.A. 45, 32 Am. St. 770; Barber v. Knowles, 77 Oh. St. 81, 82 N. E. 1065, 14 L.R.A.(N.S.) 663, 11 Ann. Cas. 1144, and cases there cited.

The other question suggested by counsel for plaintiff on the oral argument is not presented by the record and is not therefore considered.

Order affirmed.