GRUNDY v. REFIOR.

1. PROCESS—PRIVILEGE FROM SERVICE—NONRESIDENT PLAINTIFF IN ANOTHER CASE—CONSULTATION WITH LOCAL COUNSEL.
    Service of process in a circuit court upon defendant, a nonresident, who was plaintiff in another case commenced in another circuit that had been removed to the Federal court, which service was made before the other case had been remanded and while defendant herein was here at request of his local counsel for purpose of consultation with respect to first case which had been started in circuit court, was properly quashed as defendant herein was then immune from such service.

2. SAME—PRIVILEGE FROM SERVICE—CONSULTATION WITH ATTORNEYS.
    Any person who has gone into a jurisdiction which is foreign to him to attend proceedings of a judicial nature there being con-

ducted, whether taking place in court or not, is, while there, privileged from service of process and such privilege extends to persons present in consultation with their attorneys to aid in the taking of a deposition to be used at the trial as such proceedings are essentially a part of the trial.

3. SAME—JURISDICTION—RESIDENCE.
The right of a person to be sued at his own domicile is not a technical one but one of importance and should not be taken away except in compliance with law.

4. SAME—NONRESIDENTS—CONSULTATION WITH LOCAL COUNSEL—GOOD FAITH.
Finding of court that defendant nonresident upon whom service of process made in this State in an action of assumpsit in circuit court was at the time of service of summons in good-faith attendance upon his local counsel in connection with litigation which he had instituted in this State *held*, proper under facts and applicable law and justified quashal of service.

5. SAME—CORRELATION WITH NONRESIDENT DEFENDANT'S LITIGATION IN THIS STATE—IMMUNITY FROM SERVICE.
Plaintiffs' claim in assumpsit for service as an accountant rendered defendant *held*, under record presented, not so correlated to defendant's litigation in which he was a plaintiff seeking cancellation of a large number of shares of preferred stock in a corporation located in this State so as to render defendant herein not immune from process while consulting his attorney in other suit.

Appeal from Wayne; Friedman (William), J. Submitted June 19, 1945. (Calendar No. 42,998.) Decided October 8, 1945.

Assumpsit by Albert J. Grundy and others against Otto Refior for accounting services. Service of process quashed on motion. Plaintiffs appeal. Affirmed.

*Hugh Kenneth Davidson*, for plaintiffs.

*Fixel & Fixel* and *Shields, Ballard, Jennings & Taber*, for defendant.

NORTH, J. Plaintiffs, presumably residents of Detroit, Wayne county, in a suit in assumpsit in Wayne county circuit court procured service of summons in that county on defendant November 24, 1943. Defendant promptly entered special appearance and made a motion to quash the service of process. The reasons in support of this motion are hereinafter noted. Upon hearing the motion, affidavits pro and con were submitted and testimony was taken by order of the circuit judge by deposition relevant to the circumstances under which the service was obtained in Wayne county upon defendant who was a resident of Pittsburgh, Pennsylvania. The circuit judge granted the motion to quash, November 20, 1944. Leave having been obtained, plaintiffs have appealed.

The record discloses that the defendant in this case at the time of service was plaintiff in another case in the circuit court of Ingham county, Michigan, and in that case he had counsel representing him who resided in Detroit, Wayne county, and also counsel who resided in Lansing, Ingham county. After that case had been instituted in Ingham county, the defendants therein caused the same to be removed to the Federal court for the eastern district of Michigan; and while the case was still in Federal court the defendants therein moved for summary judgment. Plaintiff moved to have the cause remanded to the circuit court of Ingham county. The right to have the case so remanded was finally passed upon by the United States circuit court of appeals, where it was found that the case should be remanded to the Ingham county circuit court for the reason that there was no ground of Federal jurisdiction. See *Refior* v. *Lansing Drop Forge Co.* (C. C. A.), 134 Fed. (2d) 894. Notwithstanding the United States circuit court of appeals remanded the case to the Federal district court "with instructions to

grant the motion to remand'' to the circuit court
of Ingham county, the case had not actually been
so remanded at the time of the service of process
which was quashed in the instant case. At this stage
of the proceedings in the Ingham county suit, coun-
sel for Otto Refior requested him to come to Michi-
gan for consultation concerning the necessity for
making amendments (which his counsel deemed de-
sirable) to his pleadings in the Ingham county case
and with reference to preparing evidence to be used
at the trial of the cause. Evidently counsel were
preparing for hearing in the Ingham county case
in the event a motion was made by defendants for
summary judgment, and for hearing on the merits
in event summary judgment was denied.

In compliance with the foregoing request defend-
ant in the instant 'case came from Pittsburgh to
Detroit. When he arrived in Detroit on the morn-
ing of May 28, 1943, he was found in his berth un-
conscious as a result of cerebral hemorrhage. He
was at once taken to a Detroit hospital where he
remained in an unconscious condition for some time
and where his condition necessitated his remaining
until after the service of the summons was made;
but later, and as soon as it was safe to do so, he was
removed to a hospital in Pittsburgh. As hereinbe-
fore noted, service of summons was made upon him
November 24, 1943.

The following appears in the deposition of de-
fendant Refior:

"Yes he (attorney Arthur E. Fixel) was, and still
is, our attorney in Detroit on the Lansing case.

"*Q.* What was the purpose of the meeting in
Detroit, Michigan, with Arthur E. Fixel, on May 28,
1943?

"*A.* Solely for attending on the preparation for
trial of Refior *v.* Lansing Drop Forge Company (the
Ingham county circuit court case). * * *

"*Q.* Did you have any other business to transact in Detroit when you made the trip from Pittsburgh, Pennsylvania to Detroit, Michigan, on the night of May 27, 1943?

"*A.* No, I planned to go through with this one appointment as quickly as possible in the hopes of getting back to Pittsburgh on urgent business in Pittsburgh.

"*Q.* Did you plan on going further, with Mr. Fixel, to Lansing, Michigan, for the purpose of having a joint conference with Clayton F. Jennings?

"*A.* I did plan to go with Mr. Fixel to Lansing, Michigan, for a conference with attorney Jennings.

"*Q.* Was Mr. Jennings your Lansing counsel, in your case pending in the Ingham circuit court?

"*A.* Mr. Jennings was, and still is, our Lansing counsel on this case.

"*Q.* Did you have any other business to transact in Lansing, Michigan, outside of the preparation of your case for trial?

"*A.* No other business of any kind in Lansing other than the preparation of this Lansing case."

The foregoing is abundantly corroborated by other portions of the record. The following from the opinion of the trial judge accurately states the reasons assigned in support of defendant's motion to quash:

"The reason first assigned for the motion was that the defendant was too sick to understand the alleged service upon him or have any consciousness of any attempted service upon him. Subsequently (March 4, 1944) an additional ground was asserted —it is claimed that the defendant came to Detroit only for the purpose of consulting with his counsel in connection with the trial of a case in Lansing, Michigan, and to prepare for the trial of the cause and to make a trip to Lansing with his Detroit counsel to confer with Lansing counsel in charge of the case."

In the showing in behalf of plaintiff in opposition to the motion to quash, facts and circumstances are disclosed from which plaintiffs' counsel urge it may be inferred at least that defendant did not make the trip in question for the sole purpose indicated in the above quotation from his deposition. Nonetheless upon consideration of the whole record the trial judge found:

"It appears therefrom (referring to the deposition) that the sole purpose of defendant's trip to Detroit was to consult with Mr. Arthur E. Fixel, his Detroit counsel, in connection with the case pending in the circuit court for Ingham county, and to arrange to go to Lansing with Mr. Fixel to confer with Norton (Clayton) F. Jennings, of Lansing, who was the Lansing counsel for defendant in Ingham circuit court."

We are of the opinion that the record justifies the foregoing finding of the circuit judge. Hence the question of law arises as to whether under all the circumstances the service sought to be obtained upon defendant was valid. The circuit judge quashed the service on the ground that at the time and place it was obtained, defendant was immune from such service.

We think the trial judge reached the right conclusion. In so holding we do not overlook appellants' contention that since defendant in the instant case came to this jurisdiction incident to a suit which he had instituted in this State (rather than to attend a suit in which he was a defendant) he should not be permitted to assert immunity from service of process in the instant case while in this jurisdiction incident to the litigation which he had instituted here.

It cannot fairly be said that Otto Refior in bringing his suit in the Ingham county circuit court did

so wholly from his own choice or volition. There was no other forum open to him in which he could obtain an adjudication of his alleged rights, and thus have the benefit of his constitutional right of equal protection of the law. In part, at least, we deem this the reason for extending to a nonresident plaintiff in litigation which he has instituted in a jurisdiction other than his residence immunity from service of process while he is in such jurisdiction incident to his pending litigation. A decision of that character will be found in *Kinne* v. *Lant,* 68 Fed. 436. Lant, a resident of Indiana, was in Michigan at the request of his counsel for the purpose of consultation relative to a case in which he was plaintiff in the Federal court for the eastern district of Michigan; and while he was in this jurisdiction for that purpose service was obtained upon Lant in the cited case which was commenced in the circuit court of Washtenaw county. That case was removed to the Federal court for the eastern district of Michigan, and upon Lant's motion the service made upon him in the Washtenaw county circuit court case was quashed. A syllabus in the cited case reads:

"A suitor (a plaintiff) who has come from his home into a foreign jurisdiction, upon the request of his counsel and for the purpose of consultation with such counsel during the argument of a demurrer, is privileged from the service of process, in any part of such jurisdiction, during the argument and pending a temporary adjournment thereof for the convenience of the court."

*Kinne* v. *Lant* is cited with approval in *Stewart* v. *Ramsay,* 242 U. S. 128 (37 Sup. Ct. 44, 61 L. Ed. 192), and in *Higgins* v. *California Prune & Apricot Growers, Inc.* (C. C. A.), 282 Fed. 550. In the *Stewart* v. *Ramsay* case service was made on Ramsay while

as plaintiff in another case he was present in the jurisdiction of service. The supreme court of the United States in its opinion said:

"The State courts, with few exceptions, have followed this rule (of immunity from service), applying it to plaintiffs as well as defendants, and to witnesses attending voluntarily as well as those under subpoena." (Citing numerous cases.)

In the above-cited case of *Higgins* v. *California Prune & Apricot Growers, Inc.*, the following is stated:

"Now the law is clear that the service of process upon any person who has gone into a jurisdiction which is foreign to him to attend upon any proceedings of a judicial nature there being conducted, whether taking place in court or not, is while there privileged from the service of process.   *   *   *   It is equally clear that the privilege extends to every proceeding of a judicial nature (citing cases), and that this protection extends to parties who are present in consultation with their attorneys to aid in the taking of a deposition to be used at the trial (citing cases). Such proceedings are essentially a part of the trial."

In speaking of immunity from service, Justice CAMPBELL in one of our earlier decisions said:

"The right of a person to be sued at his own domicile is not a technical one, but one of importance, and should not be taken away except in strict compliance with law.   *   *   *   And the service cannot be upheld, if unfair and in fraud of any legal privilege. Relator had a right to consult counsel in his defense in the criminal case, and it was not unreasonable to go where his regular counsel lived, on his way home, for that purpose.   *   *   *   The case seems to us a very clear one, both of breach of

privilege and of abuse of process, and we think the motion (to quash the service) should have been granted." *Jacobson* v. *Wayne Circuit Judge,* 76 Mich. 234, 236.

The first of the two questions submitted in appellants' brief reads:

"Was the defendant, at the time of service of summons upon him, in the State of Michigan in good faith attendance upon his counsel in connection with litigation which he had instituted in Michigan?"

Under the facts and applicable law of the instant case the trial judge correctly answered the foregoing question in the affirmative.

The remaining question in appellants' brief is as follows:

"Was the defendant entitled to assert immunity to service of process on the claim here involved when it was correlated and grew out of defendant's pending litigation?"

The trial judge also answered the foregoing question in the affirmative, and correctly so under the record in this case. In our judgment, without reviewing all the circumstances in detail, it must be held that plaintiffs' claim in the instant case, which is for services rendered as accountants to Refior, is not "correlated to" nor does it "grow out of" Refior's suit in the Ingham county circuit court to the extent or in such a manner as justifies appellants' contention that Refior was not immune from service in the instant case. Briefly Refior's suit in the Ingham county circuit court was brought against the Lansing Drop Forge Company, Emil M. Refior and Edward H. Refior; and the relief sought was at least primarily cancellation of a large num-

ber of shares of preferred stock in the Lansing Drop Forge Company. Neither the parties, the subject matter, nor the relief sought in that case can be said in a legal sense to be "correlated" to the instant case in such a manner to justify the service of process sought herein to be sustained.

In view of our conclusion hereinbefore announced we deem it unnecessary to review or pass upon other matters presented by the record and briefs on this appeal. The order of the circuit judge quashing the service of process on defendant is affirmed. Costs to appellee.

STARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. The late Justice WIEST took no part in the decision of this case.