In the Matter of JEROME J. ROBINSON, Respondent, v. HERMAN T. STICHMAN, as Special Commissioner and Special Assistant Attorney-General of the State of New York, Appellant.

First Department, May 14, 1963.

*Murray I. Gurfein* (*Morris A. Wirth* and *Alan W. Rosenbluth* with him on the brief), for respondent.

*Arnold G. Fraiman* (*John W. Harris* and *William G. Dakin* with him on the brief), *Special Deputy Assistant Attorney-General* and *Counsel* to appellant.

EAGER, J. The respondent, a Special Commissioner and Special Assistant Attorney-General, appeals from an order granting a motion to quash and vacate a subpœna which was served upon the petitioner in connection with an investigation being conducted by the respondent pursuant to section 6 and subdivision 8 of section 63 of the Executive Law. The subpœna was quashed upon the ground that the petitioner was immune from service of process at the time of service.

The petitioner was a nonresident of this State and voluntarily came here on January 6, 1963 to attend in Supreme Court, New York County, in connection with and to be there arraigned upon an indictment on a criminal charge pending in such court. Concededly, upon voluntarily coming here for such purpose, the

petitioner was immune from process "while attending court and for a reasonable time before and after, that is, going to court and returning to his home". (*Thermoid Co.* v. *Fabel,* 4 N Y 2d 494, 499.) The rule of immunity extends in favor of a nonresident voluntarily appearing in the State to answer a criminal charge (see *Thermoid Co.* v. *Fabel, supra;* also Ann. 20 A. L. R. 2d 163 and cases cited), but the rule does not apply where such appearance was under compulsion of effective process or bail requirements (see *Netograph Mfg. Co.* v. *Scrugham,* 197 N. Y. 377).

Here, the matter of the proceedings in connection with the arraignment and the petitioner's attendance thereon in Supreme Court were not completed until late in the afternoon on January 8. It appears that thereafter, the petitioner, at his attorney's request, remained in the State to and including January 11 for the purpose of furnishing information to and conferring with his attorney concerning the particular criminal charges represented by the indictment and a proposed motion in connection therewith. The petitioner did confer with his attorney on each of the three days during which he remained in the State following his arraignment and, under all the circumstances, it appears that this period of three days was reasonably required for the conferences. The subpœna was served upon the petitioner during the three-day period, namely, on January 10, while he was lunching with a business associate.

No definite rule can be laid down as to the precise time the immunity from service of process will be lost following a voluntary court appearance by a nonresident here. The decisions are, however, uniform in their holding that the nonresident is to be allowed a reasonable time to leave the jurisdiction. "[R]easonable deviations or delays will be allowed, provided they do not arise in carrying out a purpose entirely distinct from the purpose of going to, attending, or returning from, court." (72 C. J. S., Process, § 88, pp. 1126, 1127.) The nonresident is not to be held to a tight schedule, as reasonableness is the keynote. What constitutes a reasonable time to be allowed to the nonresident for his departure from the jurisdiction necessarily depends upon the facts and circumstances in each case. (See 72 C. J. S., *supra,* p. 1127; 42 Am. Jur., Process, § 154, p. 133; Note, 11 Am. & Eng. Ann. Cas., pp. 1146–1148.)

The rule granting immunity from process to the nonresident is a common-law rule existing "from the earliest times". The purpose of the rule "is to encourage voluntary attendance upon courts and to expedite the administration of justice". (*Netograph Mfg. Co.* v. *Scrugham, supra,* p. 380; *Thermoid Co.* v.

*Fabel, supra,* p. 500.) By virtue of the rule, the immunity from process is extended not "simply [as] a personal privilege, but it is also the privilege of the court, and is deemed necessary for the maintenance of its authority and dignity and in order to promote the due and efficient administration of justice." (*Parker* v. *Marco,* 136 N. Y. 585, 589.) Particularly, in the interest of facilitating the administration of justice in criminal proceedings, the rule is applied to encourage nonresidents to appear here voluntarily to face the charges, thus eliminating the problems, the expense and the delay involved in extradition.

In view of the purposes of the rule, the tendency is "not to restrict but to enlarge the right of privilege" (see *Parker* v. *Marco, supra,* p. 589) and, moreover, the courts are very liberal in their interpretation of what is a reasonable period to allow the nonresident for departure from the State following his appearance in court here. (See 42 Am. Jur., Process, § 154, p. 133; Note, 11 Am. & Eng. Ann. Cas., pp. 1146–1148.) Consequently, we readily conclude that the time required for conferences here with counsel is a pertinent matter for consideration on the issue of reasonableness of the duration of the stay.

Where consultation with counsel is a matter of right, or is reasonably required for the protection of the interests of the nonresident, who voluntarily appears here to answer court process, as is the case in a criminal proceeding, the matter of conferences with counsel is an essential part of his participation in the proceedings. That it should be so regarded so far as may be necessary to render the rule of immunity fully effective is clearly supported by decisions in this State (see *Chase Nat. Bank* v. *Turner,* 269 N. Y. 397; *Parker* v. *Marco, supra*) [*] and is in accordance with the prevailing weight of authority in foreign jurisdictions. (See *Russell* v. *Landau,* 127 Cal. App. 2d 682; *Gerard* v. *Superior Court,* 91 Cal. App. 2d 549, 552; *Grundy* v. *Refior,* 312 Mich. 428; *Jacobson* v. *Hosmer,* 76 Mich. 234;

---

[*] In *Chase National Bank* v. *Turner* (*supra*) the Court of Appeals extended immunity in favor of a nonresident who came here merely to consult with and to aid counsel in connection with the argument of an appeal in an appellate court. In *Parker* v. *Marco* (*supra*) the court extended the privilege of immunity to a nonresident defendant in an action, who attended here in connection with an examination before trial of the plaintiff's witnesses and the court referred to certain relevant very early decisions, saying that the privilege of immunity "has even been extended to a suitor returning from an appointment with his solicitor for the purpose of inspecting a paper in his adversary's possession in preparation for an examination before a master (*Sidgier* v. *Birch,* 9 Ves. 69), and while attending at the registrar's office with his solicitor, to settle the terms of a decree (*Newton* v. *Askew,* 6 Hare, 319); and while attending from another state to hear an argument in his own case in the Court of Appeals (*Pell's* case, 1 Rich. L. 197)."

*Higgins* v. *California Prune & Apricot Growers,* 282 F. 550, 559 [C. C. A. 2d].)

Where the prime purpose of the nonresident in voluntarily coming here was to appear in court or in answer to court process, the conferring upon him of immunity from process for the time reasonably necessary to confer with counsel during his appearance here is not an extension of the existing rule. This does not constitute an enlargement of the rule, as asserted in the minority opinion, but merely the application of it within its existing framework, namely, subject to the limitation of a reasonable time to be viewed in light of all the particular facts and circumstances. The fact is that the rule, as it exists, would be unduly circumscribed and the purpose thereof frustrated if we were to rigidly limit its application to exclude the allowance of reasonable time for consultation with counsel.

Under the circumstances here, this case, in our opinion, comes within the spirit and terms of the immunity rule and, therefore, the order appealed from should be affirmed. No costs should be allowed.

STEUER, J. (dissenting). Petitioner applies to quash a subpœna served upon him by respondent on the ground that at the time he was immune from the service of process in this jurisdiction. Petitioner is a resident of California and came to New York for the purpose of pleading to an indictment pending against him. He arrived in this city on January 6, his arraignment was completed on January 8, and he was served with the subpœna on January 10, about midday.

There are certain general principles in regard to immunity from service which are not in dispute between the parties and it is advisable to clear them from the discussion at the outset. Petitioner was assisting the administration by his voluntary appearance in this jurisdiction, and he is immune from the service of process during the period of his necessary attendance at court and for a reasonable time thereafter (*Thermoid Co.* v. *Fabel,* 4 N Y 2d 494). The grave question is the purpose embraced in the reasonable time. There is no dispute but that a reasonable time for departure, that is, obtaining accommodations, packing and the like, had expired before service was effected. Petitioner, however, claims — and for the purpose of this application we may take it as established — that he remained for the purpose of consulting with his counsel as to his defense to the indictment to which he had pleaded not guilty. It is not disputed that the time between the plea and the service was reasonable for this purpose.

The question is fairly posed, therefore, whether one who remains in the jurisdiction after he could have reasonably departed, for the purpose of consulting with counsel, is immune from service. The question has not been passed on in this jurisdiction. Concededly, the exemption extends to all court hearings without regard to whether presence of the party is necessary or even usual. Instances would be the argument of an appeal and the taking of a deposition of an adverse party (*Parker* v. *Marco,* 136 N. Y. 585; *Chase Nat. Bank* v. *Turner,* 269 N. Y. 397). In such situations it is the very rare case indeed where the party's advice to counsel is of any benefit to the litigation. And exemption was granted without inquiry as to whether the case before the court fell into that category of exceptional cases. From this the only logical deduction is that a party has a right to be present at any hearing in his own matter regardless of the legal utility of his presence, and immunity is correlative with that right. So that it cannot be said that the right to consult with counsel provides any basis for the immunity.

It follows that immunity in this instance can only be allowed if the rule is extended. Before such an undertaking, it is well to consider the implications. For the extension, it may be considered that it is highly desirable to induce those charged with crime here to submit themselves to the jurisdiction of our courts (*Netograph Mfg. Co.* v. *Scrugham,* 197 N. Y. 377, 380). On the other hand, the potentialities for abuse are very great. The narrow question has arisen in just two other jurisdictions, and these considerations have led to exactly contrary results. In Michigan, in a case very like the instant case in its salient facts, *Jacobson* v. *Hosmer* (76 Mich. 234) immunity was granted. And the rule was extended in *Grundy* v. *Refior* (312 Mich. 428) where the defendant served came into the jurisdiction for the sole purpose of consulting with counsel as to the next step to be taken in another litigation. On the other side of the picture, extension of the rule was refused in Georgia (*Vaughn* v. *Boyd,* 142 Ga. 230). The grounds were that a person with many or wide interests would enjoy perpetual immunity because he could always find occasion to consult with counsel whenever he wanted to enter the jurisdiction. Cases in other jurisdictions skirt the question involved but do not directly meet it.

Concededly the question involved is one of degree. No objection could be made to an arrival in the jurisdiction sufficiently in advance of the court hearing to permit consultation with counsel to prepare for the hearing to come. That is not the situation here, where the consultation succeeded the court appearance and presumably had reference to developments that were not in

immediate prospect. In theory, the immunity is the same as that enjoyed by a local resident while actually in attendance at a court proceeding in which he is involved. A foreign resident should enjoy no greater immunity than the fact of his nonresidence requires, namely, a reasonable opportunity to come and go. One cannot be unaware of the recognition given to the importance of consulting with counsel, especially in criminal cases, but to clothe it with immunity from service is to interfere with the orderly process of other proceedings.

While the extension of the rule involved here is far from extreme and, indeed, may be said to be most modest, it nevertheless implies a departure to which limits cannot be put. Service and availability for service will depend on no workable rule and each case will perforce be a law unto itself. This is not desirable, and while I believe no such intention underlies the majority opinion, it is nevertheless the unavoidable consequence.

The order should be reversed and the motion denied.

BOTEIN, P. J., RABIN and BERGAN, JJ., concur with EAGER, J.; STEUER, J., dissents in opinion.

Order, entered on February 21, 1963, affirmed, without costs.