[L. A. No. 4514. Department Two.—November 19, 1918.]

## HENRY TADGE, Respondent, v. EDWARD BYRNES, etc., Appellant.

SUMMONS—SERVICE ON ATTORNEY—LACK OF EXEMPTION.—An attorney coming from another state for the purpose of assisting in cases pending in this state, but who is not an attorney of record in the cases and does not become such, is not entitled to exemption from service of civil process while so engaged.

APPEAL from an order of the Superior Court of Imperial County refusing to quash service of summons. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

Waldo, Root & Dysert, and Childers & Bruce, for Appellant.

Frank Birkhauser, for Respondent.

WILBUR, J.—This is an appeal from an order of the superior court refusing to quash the service of summons upon defendant Edward Byrnes. The motion to quash was based upon the proposition that the defendant Edward Byrnes was in California for the purpose of assisting as an attorney at law in connection with two cases then pending in the United States district court for the southern district of California, southern division. It is not alleged or claimed that defendant Byrnes was an attorney of record in the cases pending in the United States district court, or entitled to practice in that court, but he alleges in his affidavit that he "came from his home and residence in the city of Chicago, Illinois, to the city of Los Angeles . . . for the sole purpose of assisting as counsel in the preparation for argument of numerous demurrers and motions to strike out parts of the complaints in the said two actions . . . and for the purpose of attending before Hon. Benjamin F. Bledsoe, one of the judges of the said . . . court . . . upon the argument of said various motions and demurrers, which, after several adjournments were set for hearing on Monday, the twenty-fourth day of May, 1915; that on the twenty-second day of May, 1915, while said Edward Byrnes was temporarily sojourning in the said city of Los Angeles . . . for the . . . sole purpose . . . of assisting in the preparation and the argument of said motion and demurrers on the part of the plaintiff, said Edward Byrnes was served with a summons to appear and answer the complaint in this action. . . . " It is true there are cases holding that attorneys coming into a jurisdiction for the sole purpose of appearing in court to represent their clients are exempt from the service of civil process while so engaged, and there are cases holding quite to the contrary; there are none, so far as called to our attention or discovered by investigation, going so far as to hold that an attorney who is not an attorney of record and does not become such is entitled to such privilege.

In view of the situation presented by the affidavits in this case we find it unnecessary to determine the right of an attorney of record to protection from the service of civil process.

Order affirmed.

Melvin, J., and Lorigan, J., concurred.