[Civ. No. 7525. Second Appellate District, Division Two.—October 17, 1930.]

J. R. VON KESLER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Edmond Wheeler Pottle and Edward H. Estill for Petitioner.

Bicksler, Smith, Parke & Catlin for Respondents.

CRAIG, J.—An action having been commenced in Los Angeles County by the petitioner, a resident of Illinois, he appeared in person to prosecute the same, whereupon he was served with process in an action filed against him by the defendant in the former suit. Petitioner's counsel, by a special appearance, moved to vacate such service upon the ground that he had appeared only as a party and witness, and that service upon a nonresident suitor or witness is

void. Said motion was denied, and the present proceeding in prohibition is here presented, seeking to restrain further proceedings in the action last mentioned.

■ That a nonresident, appearing before the courts of any state merely as a witness, may not be subjected to service of process in a civil action while in attendance only for that purpose, is the consensus of the authorities cited by both parties, and is not denied. As to whether or not one appearing voluntarily as a party may be so served, there is a conflict of authorities. These decisions are so numerous that they have been classified, respectively, under a "majority rule", that he is in the category of witnesses, and a "minority rule", to the contrary. ■ However, in the instant case they are all of but little aid, since the suit which becomes the subject of present consideration arose out of, and in fact was engendered by, the institution of the first action by the petitioner herein against the plaintiff in the second action, wherein a writ of attachment was issued and levied upon the property of the latter, who, in turn, sued the petitioner for damages for an allegedly malicious attachment and obtained service of summons after the trial had commenced.

At a somewhat early date the validity of service under like circumstances was upheld in Maryland. (*Mullen* v. *Sanborn*, 79 Md. 364, 29 Atl. 522.) Disregarding, for obvious reasons, the rule exempting from service of process those who might be forced into the jurisdiction as witnesses or defendants, it was said: "Sound public policy, on the contrary, as well as the administration of equal justice, would seem to demand that no inducements should be held out to non-resident suitors to avail themselves of the harshest remedy known to our statutes; but if they should come, and should abuse the remedy, to the injury of an alleged debtor, let them answer here, as the residents of this state must do in like cases."

In *Rizo* v. *Burruel*, 23 Ariz. 137 [19 A. L. R. 823, 202 Pac. 234], the Supreme Court of Arizona declined to hold exempt from service of a petition for adoption of a minor child a nonresident petitioner in *habeas corpus* proceedings seeking custody of the same minor. Upon an exhaustive review of authorities the opinion, on this point, finishes as follows: "In *Livengood* v. *Ball*, 63 Okl. 93 [L. R. A. 1917C,

905, 162 Pac. 768], it was held that non-resident plaintiffs who voluntarily brought an action in the courts of Oklahoma against a citizen thereof were not exempt from service of summons in an action by the defendants seeking relief connected with the subject of the litigation commenced against them. In *Tiedemann* v. *Tiedemann*, 35 Nev. 259 [129 Pac. 313], the court held that immunity from being sued could not be claimed by a non-resident 'when within the jurisdiction on matters affecting the same correlated subject-matter, and the action is brought in good faith and calls for the adjudication of substantial rights.' "

Following the cited cases, a plea in abatement was denied. We are neither cited to nor aware of any judicial expression calculated to question the right of a resident plaintiff to litigate with a nonresident, in a cross-action, issues created by such nonresident, in the same forum.

The petition for writ of prohibition is denied.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 15, 1930, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 15, 1930.