SANDERS *et al. v.* SMITH.

(In Banc. Jan. 22, 1945.)

[20 So. (2d) 663. No. 35741.]

were married. Your complainant would further show that the defendant was forever and habitually nagging at him, accusing him of things he was not guilty of, and that life just became unbearable for them together.

"Your complainant would further show that following an argument in August 1942, the defendant packed her clothes and went home, and that they can not live together as husband and wife, and because of the ill treatment on the part of the defendant, he does not think it will be possible for them ever to live together, and therefore, he files his suit for a divorce."

305

E. M. Yerger and Roberson & Luckett, all of Clarksdale, and John T. Smith, of Cleveland, for appellants.

Maynard, FitzGerald & Maynard, of Clarksdale, for appellee.

**Griffith, J.,** delivered the opinion of the court.

On March 1, 1943, appellee was a resident of Clarksdale in Coahoma County in this state. On that day a declaration in tort was filed against him in the circuit court in said county and he was personally served with summons.

On July 20, 1943, appellee moved to the State of Texas, his removal having no connection whatever with the pending action, and since that date he has continued to be a resident and citizen of Texas. The case was set for trial in the said circuit court for January 13, 1944, and appellee left his home to attend the trial, not only as defendant but as a witness and for no other purpose, and he reached the place of trial on that morning.

When the case on the day set was called for trial, it was found that the attorney for the plaintiffs who had prepared the case for trial and who had been depended upon to lead in its prosecution was sick and could not appear, and associate counsel not being willing to proceed alone moved for a continuance, which was denied. Thereupon, plaintiffs took a nonsuit and, having with them a copy of the declaration, they immediately filed it as a new suit, and had a summons issued at once, which was served on appellee, the defendant, as he was leaving the courthouse.

Thereafter, appearing especially for that purpose, appellee moved to quash the process, on the ground that appellee, being a nonresident, was exempt from the service of process in another suit while attending court as a witness or party, the general rule on that subject being as stated in Arnett v. Carol C. & Fred R. Smith, Inc., 165 Miss. 53, 145 So. 638. To this contention, appellants replied that the new suit is not in fact another suit but is the same action, on the same facts against the same defendant. The motion was sustained by the circuit court.

The parties in their briefs have cited no case directly in point, and it is to be assumed, therefore, that no such case was called to the attention of the learned circuit judge.

There is a case precisely in point decided by the Circuit Court of Appeals of this the Fifth Circuit. The case is Central Farmers' Trust Co. v. Rorick et al., 57 F. (2d) 664, certiorari denied, 287 U. S. 616, 53 S. Ct. 17, 77 L. Ed. 535, wherein the court said that when the plaintiff has found it necessary to dismiss his suit and bring it over again against the same parties, the situation is not different from what it would have been had the postponement or continuance applied for been granted, and the new process served on the nonresident defendants while in attendance upon the original suit was held to be good. We are unable to perceive wherein the reasoning of the court in that case is not sound, and in order that so far as possible there may be uniformity in decision among the courts within the same territorial jurisdiction, we will follow the ruling in that case.