[Civ. No. 17232.   Second Dist., Div. Three.   Oct. 25, 1949.]

HENRY HORN, Individually and as Administrator, etc., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Abraham Gottfried for Petitioners.

Harold W. Kennedy, County Counsel, and Wm. E. Lamoreaux, Deputy County Counsel, for Respondent.

SHINN, P. J.—An alternate writ of mandate was issued directing the Superior Court of Los Angeles County to order Pauline Lachs Slosberg to appear and give her deposition in a certain pending action or, if said order be not made, to show cause for the refusal to make it.

The matter came on for hearing in this court upon the petition and the return and answer of respondent court.   ▮   It

appears that Mrs. Slosberg and one Joseph Lachs were plaintiffs in an action instituted against petitioners herein, Henry Horn, as administrator of the estate of Regina Lachs Horn, deceased, and Henry Horn, individually, based upon a claim presented to and rejected by said administrator asserting title to certain property which was also claimed by the estate. After notice to her attorneys, Mrs. Slosberg was subpoenaed to give her deposition before a notary public. She appeared before the notary but refused to answer any questions because she had made a motion, which was then pending, to quash the subpoena upon the ground that she was immune from service of civil process for the reason that she was a resident of the city of New York and, at the time she was served with a subpoena, was in California for the sole purpose of appearing as a party in interest and a necessary witness in a matter pending in said court in connection with the administration of the estate. It appears from the petition, and it is not denied, that the proceeding which brought her to California concerned the same property to which she and Lachs asserted title in the action instituted by them. Her motion to quash the subpoena was denied, but nevertheless she refused to answer any questions before the notary at the time to which the hearing had been adjourned. Upon certificate of the notary and affidavit she was cited by the superior court to show cause why she should not answer certain specific questions that had been propounded. Upon a hearing of this matter the court made an order sustaining objections to the questions and declined to order Mrs. Slosberg to proceed with the deposition. A motion to reconsider this ruling was denied.

It is shown by the return to the writ, and is admitted by petitioners, that after the court sustained objections to the questions and refused to order Mrs. Slosberg to proceed with the deposition, and before the hearing of the motion for reconsideration of the ruling, she returned to New York City where she has since remained. Although she is not within the jurisdiction petitioners insist that a writ should be issued for the purpose of annulling the order, which, they say, was made upon the ground that the witness was not subject to process at the time she was served. It was developed upon the hearing in this court that the trial court was not advised at the time its ruling was made that Mrs. Slosberg had returned to New York. It was also made to appear that the court did not base its ruling upon the ground that the questions propounded to the witness were for any reason improper. It therefore ap-

pears that the order was, in effect, a ruling that Mrs. Slosberg was immune from the service of process in the deposition matter at the time she was served. It is clear that she enjoyed no such immunity. ▮ The claim asserted by herself and Joseph Lachs in the action which they instituted was the one made upon the administrator, in connection with which Mrs. Slosberg had come to California as a party in interest and a necessary witness. In these circumstances, there is an entire absence of the reasons upon which the doctrine of immunity is founded. Manifestly, one who is within the jurisdiction for the purpose of prosecuting litigation instituted by himself must submit to legal process in the course of that litigation.

Our research has disclosed no case in which a litigant has had the temerity to present to a reviewing court a claim of immunity under such circumstances. However, the claim has frequently been urged and immunity denied where the process was issued in litigation incidental to and connected with the proceedings during attendance upon which the nonresident suitor was served. (*Von Kesler* v. *Superior Court,* 109 Cal. App. 89 [292 P. 544], and cases cited; *Lamb* v. *Schmitt,* 285 U.S. 222 [52 S.Ct. 317, 76 L.Ed. 720]; *Caldwell* v. *Caldwell,* 70 N.Y.S.2d 601; *Sanders* v. *Smith,* 197 Miss. 304 [20 So.2d 663]; anno., 19 A.L.R. 828.)

We fully realize that any order which the trial court may make in the matter will be unenforcible as long as Mrs. Slosberg remains out of the state. On the other hand, the petitioner may derive some benefit through the issuance of a writ, inasmuch as it is not unlikely that Mrs. Slosberg will return to California in connection with the prosecution of her pending action.

A writ will issue directing the superior court to proceed further in accordance with the views herein expressed.

Wood, J., and Vallée, J., concurred.