[Civ. No. 17697. Second Dist., Div. One. Dec. 20, 1950.]

PAULINE LACHS SLOSBERG, Appellant, v. THE MUNICIPAL COURT OF THE CITY OF LOS ANGELES, Respondent.

Don Marlin, William H. Levit and Harold Rubins for Appellant.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

WHITE, P. J.—Appellant herein, Pauline Lachs Slosberg, and her husband, residents of the State of New York, sought a writ of prohibition in the Superior Court of Los Angeles County, to be directed to the Municipal Court of the City of Los Angeles, requiring the latter court to refrain from further proceedings in an action pending against them, upon the ground that they were immune from service of process while temporarily in this state for the purpose of appearing as witnesses in a judicial proceeding. A peremptory writ was denied as to appellant and granted as to her husband. This appeal is from that portion of the judgment denying appellant a peremptory writ.

Appellant and her husband were in this state in connection with a probate proceeding in the Superior Court of Los Angeles County in the matter of the estate of Regina Lachs Horn, deceased. Appellant, who is a sister of decedent, had caused a citation to be issued directing Henry Horn, as administrator of the estate, to show cause why he should not include in the inventory certain clothing of the decedent of the approximate value of $1,500. Henry Horn is the surviving spouse of Regina Lachs Horn. While appellant and her husband were in Los Angeles for the purpose of appearing as

witnesses on the hearing of the citation, they were served with summons and complaint in an action in the municipal court brought by Henry Horn individually, wherein it was charged that the defendants had converted personal property of the plaintiff, consisting of women's clothing and jewelry.

■ The rule is well settled that nonresidents who come within the territorial limits of the state as parties litigant or to testify as witnesses in judicial proceedings are immune from service of civil process while in actual attendance at the hearing and for a reasonable time in coming and going. (*Gerard* v. *Superior Court*, 91 Cal.App.2d 549 [205 P.2d 109], and authorities there cited.) ■ A recognized exception to the rule, however, is that a nonresident who brings an action in this state against a citizen of this state is not immune from process issued in an action by the defendant seeking relief connected with the subject of the litigation commenced by the plaintiff. (See *Von Kesler* v. *Superior Court*, 109 Cal.App. 89 [292 P. 544].)

■ Appellant points out here that the municipal court action was commenced by Henry Horn in his individual capacity, and urges that the denial of immunity should be restricted to situations where the subsequent litigation was incidental to and connected with the proceedings originally instituted, and should not be extended to all actions involving the same general questions of property rights involved in the first proceeding. It is further urged that "the asylum of non-resident immunity should not be invaded except for the dire necessities of strong public policy."

Appellant's contentions are ably answered in the unpublished decision of the appellate department of the superior court, a portion of which we quote and adopt as a part of this opinion.

"... From the exhibits attached to the petition herein, including affidavits of the parties, it appears that the property in controversy in both the citation proceeding and the Municipal Court action was personal property that had belonged to Regina Horn prior to her death. It is possible, though it does not clearly appear, that some of the same property may be included in both; but whether or not that is so, it is clear that both actions involve the general subject of property of the decedent—each party claiming that the other is holding such property without right. In *Von Kesler* v. *Superior Court, supra,* 109 Cal.App., at p. 91, it is said: 'In *Tiedmann* v. *Tiedmann,* 35 Nev. 259 [129 P. 313], the court held that

immunity from being sued could not be claimed by a nonresident "when within the jurisdiction on matters affecting the same correlated subject-matter, and the action is brought in good faith and calls for the adjudication of substantial rights."' This is a sound and just modification of the rule. In the case before us we have this situation—according to the allegations of the complaint (as clarified by the affidavits made a part of the petition) petitioner Pauline Lachs Slosberg has in her possession some $1800 worth of personal property which belonged to the deceased and which is being held by said Pauline without right; it would be a strange rule indeed which would permit her to come into our courts claiming the administrator was withholding property from the estate and deny the administrator the right to make the same charge against her. It is true that the Municipal Court action is brought in the name of Henry Horn individually, no mention being made of his official capacity as administrator. It may be that in so proceeding he is relying upon section 201 of the Probate Code which provides that upon the death of the wife or husband one-half of the community property belongs to the surviving spouse and the other half, in the absence of testamentary disposition, also goes to such survivor subject to administration. Whether or not he acted wisely in thus proceeding is a matter not before us; it is sufficient that the record before us, and which was before the Municipal Court in passing upon the motion to quash, discloses that the two proceedings 'affect the same correlated subject matter.' It is argued that the Von Kesler case is not applicable because petitioner is not a plaintiff in the probate proceeding. Even viewing this statement from a purely technical standpoint, it is inaccurate, for under Probate Code section 1230, in such a proceeding 'the party affirming is plaintiff, and the one denying or avoiding is defendant.' We need not, however, rely upon such technical grounds. She was the moving party in the probate proceeding, the one who set in motion the particular proceeding involved. The rule before us is not established by statute, thus requiring construction of specific words, but by the courts themselves as a matter of public policy. Applying the reasons for such policy to the case before us, it seems clear that petitioner Pauline Lachs Slosberg was not immune from service of summons."

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.