51 So.2d 792 (1951)
STATE ex rel. IVEY et ux.
v.
CIRCUIT COURT OF ELEVENTH JUDICIAL CIRCUIT et al.
Supreme Court of Florida, Division B.
April 10, 1951.
Rehearing Denied May 4, 1951.
*793 Shutts, Bowen, Simmons, Prevatt & Julian, of Miami, for relators.
Fitzgerald & Wallace and Hoffman, Kemper & Johnson, all of Miami, for respondents.
ROBERTS, Justice.
The principal question presented here, by Suggestion for a Writ of Prohibition, relates to the immunity of the non-resident Relators from the service of civil process upon them in this state, under the following facts and circumstances:
The Relators, Richard B. Ivey and his wife, Maxine B. Ivey, are beneficiaries under the will of Mary Adams Canfield, deceased, and Mr. Ivey is named as Executor thereof. Upon the death of Mrs. Canfield, a resident of Florida, her will was offered for probate in the County Judge's Court of Dade County, and letters testamentary were subsequently issued to Mr. Ivey. Shortly after this will was offered for probate, a suit for a declaratory decree was filed in the Circuit Court of Dade County by Jan Simpson and William Simpson, Jr., by their next friend and natural guardian, William Simpson, naming as parties defendant the Relators here, (Richard B. Ivey being named as a defendant in his capacity as Executor, as well as individually) and the other beneficiaries named in the will of Mary Adams Canfield. Also made a party defendant was Preston G. Prevatt, who had theretofore been designated as the agent of Ivey, as a non-resident Executor, in accordance with the requirements of Section 732.47, Florida Statutes 1949, same F.S.A. The bill of complaint alleged, in substance, that Mary Adams Canfield and her husband, John Canfield, had agreed to and did execute mutual reciprocal wills, in which each devised and bequeathed to the other the major portion of his or her estate, and in which each provided that, upon the non-survival of the other spouse, then his or her estate was devised and bequeathed in trust for the benefit of Jan Simpson and William Simpson, Jr., who were the adopted children of John Canfield's sister. The bill prayed that the court declare that a binding testamentary contract existed between Mary Adams Canfield and John Canfield (who had pre-deceased his wife) and, further, that the court determine the respective rights and duties of the parties with respect thereto.
Meanwhile, there was pending in the probate proceedings in the County Judge's Court a petition by the Simpsons, and others, to set aside Mrs. Canfield's will there being probated, upon the ground that its execution had been procured by the use of undue influence on the part of Richard B. and Maxine B. Ivey, the Relators here. Mr. Ivey, in his capacity as Executor, filed a Response to the petition, and the cause was set down for hearing by the County Judge. Mr. annd Mrs. Ivey voluntarily appeared at the hearing during the time when the petitioners were presenting their case, which was some time prior to the time set for the presentation of the respondent Ivey's case. The Iveys did, however, actually testify at this hearing, being called as hostile witnesses by the petitioners. Immediately after this hearing, Mr. and Mrs. Ivey were served with a summons in the cause pending in the Circuit Court, heretofore referred to.
The Relators thereupon filed a motion to dismiss the circuit court suit as to themselves as individuals, on the ground, among others, that they were immune from the service of process, which motion was denied. Whereupon, Relators filed in this court a Suggestion for a Writ of Prohibition.
The Relators rely upon the general rule that non-residents who voluntarily come into the jurisdiction in order to attend court as parties or witnesses or in some other capacity related to the necessities of pending litigation, are immune from the service of process during the period of their sojourn for that purpose. This privilege of immunity, which has come down to us from the common law, is recognized in Florida. Rorick v. Chancey, 130 Fla. 442, 178 So. 112.
There is, however, a recognized exception to this rule, where the process was issued in litigation incidental to or correlated with the subject matter of the proceedings *794 during attendance upon which the non-resident suitor was served, and in such cases immunity has frequently been denied. 42 Am.Jur., Process, Sec. 150, page 130; Von Kesler v. Superior Court, 109 Cal. App. 89, 292 P. 544; Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720; Caldwell v. Caldwell, 189 Misc. 845, 70 N.Y.S.2d 601; Sanders v. Smith, 197 Miss. 304, 20 So.2d 663. See also Grundy v. Refior, 312 Mich. 428, 20 N.W.2d 261. The correlation between the two proceedings here involved is immediately apparent, from what has been said before. The parties are the same, and they both involve the testamentary disposition of her estate by Mrs. Canfield. We think that the facts in the instant case bring it well within the exception to the rule.
Moreover, it is admitted that Richard B. Ivey is actively defending both suits in his capacity as Executor; and we do not think he can be heard to say that he is immune from the process of our courts while he is, at the same time, invoking the services of our courts.
The other questions presented have been considered, but it has not been made to appear thereby that the service of process upon Relators was insufficient.
For the reasons stated, the Suggestion for a Peremptory Writ of Prohibition is denied and the rule nisi previously issued is quashed.
SEBRING, C.J., and CHAPMAN and ADAMS, JJ., concur.