[Civ. No. 24282.   Second Dist., Div. One.   Mar. 11, 1960.]

LLOYD L. ST. JOHN, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MATTIE B. POPE, Real Party in Interest.

Kaplan, Livingston, Goodwin & Berkowitz and Bayard F. Berman for Petitioner.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, and Edward Allen Nugent, Deputy County Counsel, for Respondent.

James W. Hookstratten for Real Party in Interest.

SHEA, J. pro tem.*—Although denominated a petition for writ of prohibition, this is properly a petition for writ of mandate under section 416.3 of the Code of Civil Procedure.

Mr. St. John, the petitioner, is the president and a stockholder in Twin Lakes Corporation, a Nevada corporation, hereinafter referred to as the "corporation." Prior to 1949 the corporation obtained a permit from the California Corporation Commission to sell shares of its stock in the state of California. After several extensions of time, the permit remained in effect until February 1953 at which time the Commissioner of Corporations issued an order to the petitioner and the corporation to "desist and refrain" from selling any more of its shares in the state of California.

In 1955 and after the "desist and refrain" order the corporation sold and issued to Mattie B. Pope, the real party in interest, 2,000 shares of its preferred stock and 200 shares of its common stock. The sales price was $22,000. Mrs. Pope alleges that she is a resident of the State of California, that the negotiations for the sale of the stock took place in the State of California and that the sale was made in the State of California.

Bennett and Company, licensed by the State of California

*Assigned by Chairman of Judicial Council.

as security brokers, negotiated the sale to Mrs. Pope. They received a broker's commission which was paid by the corporation.

In March of 1959 Mrs. Pope discovered that, at the time she purchased the shares, the corporation did not have a California permit to sell shares in this state. After this discovery she caused a complaint to be filed with the California Commissioner of Corporations against Bennett and Company for the purpose of revoking their broker's license. This complaint was based upon the grounds that Bennett and Company had violated the Corporate Securities Law and the "desist and refrain" order of February 1953.

In 1951 the petitioner had moved from the State of California to Las Vegas, Nevada, where he has resided ever since.

On July 4, 1959, Mr. Bennett and his attorney went to Las Vegas to talk with the petitioner in regard to a hearing that was scheduled before the Commissioner of Corporations in the matter of the revocation of Bennett and Company's broker's license. The attorney informed the petitioner that the hearing was to be held in Los Angeles on July 13, 1959. At the attorney's request the petitioner agreed to attend the hearing and to testify concerning the transactions which resulted in the sale of the shares to Mrs. Pope.

Petitioner flew from Las Vegas to Los Angeles on the night of July 12th. On July 13th he went to the office of the division of corporations for the purpose of testifying at the hearing. While he was waiting outside the hearing room he was served with two copies of a summons and complaint. The service was made by the attorney for Mrs. Pope. On that same day, July 13, 1959, Mrs. Pope had filed an action in the Los Angeles Superior Court (hereinafter referred to as the "rescission action"). In this action the petitioner, the corporation and others were named as defendants. The purpose of the action was to rescind the sale of shares and to recover the purchase price that had been paid therefor. It was the summons and complaint in the rescission action which were served upon the petitioner while he was waiting to testify before the Commissioner of Corporations. He was served both individually and as president of the corporation.

On July 14th he remained in Los Angeles to discuss the rescission action with his attorneys and on July 15th he returned to Las Vegas. It is not questioned that his purpose for coming to Los Angeles was to testify in the license revocation hearing before the Commissioner of Corporations.

Thereafter the petitioner for himself and for the corporation entered a special appearance in the rescission action to challenge the jurisdiction of the court on a motion to quash the service of summons and complaint. On September 23d, a hearing was had on this motion. At this hearing it was urged that the corporation was not "doing business" in the State of California and that therefore the service of process was invalid as to the corporation. As to the service upon himself individually, the petitioner contended that since he was in the state for the sole purpose of testifying at the hearing before the Commissioner of Corporations, he was immune from the service of process in the rescission action. The superior court granted the motion to quash as to the corporation but denied it as to the petitioner in his individual capacity. It is from the denial of the motion of the petitioner individually that this writ of mandate is sought.

The office of the Corporation Commissioner has authority to investigate, conduct hearings, take testimony and make orders pertaining to matters before it. (Corp. Code, § 25350 et seq.) In so doing it is an administrative body exercising a judicial function. There is ample authority that in a proper case the immunity against service of process is available to witnesses appearing before such administrative bodies. (*Velkov* v. *Superior Court*, 40 Cal.2d 289 [253 P.2d 25, 35 A.L.R.2d 1348].)

The situation in which the question of immunity arises presupposes two actions; first, the action in which the nonresident is testifying, and second, the action in which the nonresident is served. If the two actions are not related, the great weight of authority holds that the nonresident is immune from the service of process. This is the rule in California. (*Fox* v. *Hale & Norcross S. M. Co.*, 108 Cal. 369 [41 P. 308]; *Murrey* v. *Murrey*, 216 Cal. 707 [16 P.2d 741, 85 A.L.R. 1335]; *Hammons* v. *Superior Court*, 63 Cal.App. 700 [219 P. 1037]; *Gerard* v. *Superior Court*, 91 Cal.App.2d 549 [205 P.2d 109]; *Russell* v. *Landau*, 127 Cal.App.2d 682 [274 P.2d 681]; *Mattison* v. *Lichlyter*, 162 Cal.App.2d 60 [327 P.2d 599].)

However, our courts have consistently recognized an exception to the granting of immunity in those cases where the second action, in which immunity is claimed "arises out of or involves the same subject matter as the one in which the nonresident has made a voluntary appearance." (*Von Kesler* v. *Superior Court*, 109 Cal.App. 89 [292 P. 544];

*Slosberg* v. *Municipal Court,* 101 Cal.App.2d 238 [225 P.2d 312] ; *Velkov* v. *Superior Court, supra.*) From the authorities cited above it is clear that where the nonresident is the moving or instigating party in the first action and the second action relates to the same subject matter the exception will be invoked and immunity will be denied.

The petitioner here does not dispute the fact that the same subject matter, to wit, the sale of shares, is involved in both the license revocation proceedings and the rescission action. He contends, however, that even though the same subject matter is involved, nevertheless the two actions are wholly unrelated in that he is not a party to the license revocation proceeding; he has no interest therein; and any adjudication therein would not be binding upon him in any way. He avers that his sole and only connection with those proceedings is as a witness.

He further contends that for the exception to be applicable and invoked, not only must the second action relate to the same subject matter but also the party claiming immunity must have been the instigator or moving party in the first action. There is no question but that petitioner did not instigate the license revocation proceedings.

A review of all the known California decisions on this point would seem to support this contention. In all the cases cited above wherein immunity was granted the nonresident was not the moving or instigating party; whereas in all of the cases cited wherein the exception has been recognized the nonresident was the one who instigated the first action. (See also *Horn* v. *Superior Court,* 94 Cal.App.2d 283 [210 P.2d 518].)

Although the authorities are not uniform, the general rule is that a party *plaintiff* in the first action, and hence the instigator or moving party, is immune from the service of process in an unrelated action while in the state for the ''main and controlling purpose'' of prosecuting his action. (*Page Company* v. *Macdonald,* 261 U.S. 446 [43 S.Ct. 416, 67 L.Ed 737] ; *Stewart* v. *Ramsay,* 242 U.S. 128 [37 S.Ct. 44, 61 L.Ed. 192].) Although we can find no California cases directly on this point the Stewart case has been relied upon in the Velkov, Gerard and Russell cases, *supra.* This would seem to imply that in a proper case California would grant immunity to a plaintiff. (See also *Franklin* v. *Superior Court,* 98 Cal.App.2d 292 [220 P.2d 8].)

Thus the question to be decided is whether or not

a witness who did not instigate the first action will be denied immunity. from process in the second action where both actions arise out of or involve the same subject matter. This question cannot be answered categorically because the decision in each case must rest upon the facts and circumstances of that particular case. In the case before us the answer must be ''Yes.''

Authority for this ruling is found in the case of *Lamb* v. *Schmitt,* 285 U.S. 222 [52 S.Ct. 317, 76 L.Ed. 720]. In that case the first action was brought to set aside certain dispositions of money and personal property as being in fraud of judgment creditors. The action was brought in the district court in Mississippi. In the action a receiver was appointed. The petitioner Lamb, a resident of the State of Illinois, was the attorney for one of the defendants in the first action. The second action was commenced by the receiver to recover funds which had been paid, pendente lite, to Lamb on account of his attorney's fees. These funds were a part of the funds which were involved in the first action. Lamb was served in the second action while he was in the State of Mississippi in attendance on the court as an attorney in the first action. He moved to quash service on the ground that he was in Mississippi solely on the business of the court and therefore he claimed immunity as a nonresident. The district court granted his motion but this order was reversed by the circuit court. On certiorari the United States Supreme Court affirmed the circuit court. In this case the party claiming immunity was not the instigator of the original action but because the subject matter in the two actions was related, immunity was denied.

The following statement of the principle involved is taken from *Parker* v. *Hotchkiss,* (C.C.) 1 Wall. Jr. 269, F. Cas. No. 10,739; and is quoted in many cases including both the Lamb and Stewart cases.

'' 'The privilege which is asserted here is the privilege of the court, rather than of the defendant. It is founded in the necessities of the judicial administration, which would be often embarrassed, and sometimes interrupted, if the suitor might be vexed with process while attending upon the court for the protection of his rights, or the witness while attending to testify.'

''It follows that the privilege should not be enlarged beyond the reason upon which it is founded, and that it should

be extended or withheld only as judicial necessities require.'' (*Lamb* v. *Schmitt, supra,* at p. 225.)

Applying this principle to the case at hand, the same conclusion must follow. In both the license revocation proceeding and the rescission action the same sale of shares of stock was involved. Although ostensibly the petitioner was only a witness in the hearing before the corporation commissioner, it seems apparent that he was more than an ordinary witness and that he had some personal interest to be served by testifying in that hearing. We cannot ignore these facts; that he or the corporation received the benefits of that sale, that Bennett and Company negotiated the sale and that they were paid a broker's commission by the corporation. The stock was issued by the corporation and the certificates signed by the petitioner. As argued by counsel for the real party in interest, if criminal action should be instituted for a violation of the Corporate Securities Act (Corp. Code, § 26104), the petitioner could be charged with such violation as well as Bennett and Company. To the extent that his testimony in the license revocation proceeding might forestall any possible criminal action the petitioner had a very real and personal interest in that proceeding.

The holding of the Supreme Court of Iowa in *Kirtley* v. *Chamberlin,* 250 Iowa 136 [93 N.W.2d 80, 90], is quite applicable here. ''It is our conclusion, therefore, that this is the case where immunity should be denied. It is not a case where, in the words of Justice Brandeis, 'judicial necessities require,' that immunity be extended. (Citation.)

''In reaching this conclusion, we wish to make it clear to the bench and bar that we are not in any way receding from the general rule as announced in our previous decisions. The rule is a wholesome and salutary one and should not be unduly limited or restricted. All we hold is that under the peculiar facts and circumstances in this case, immunity should not be granted.''

Under the circumstances of this case we hold that the denial of the motion to quash the service of summons was proper. The alternative writ heretofore granted is discharged and the petition for writ of mandate is denied.

Wood, P. J., and Fourt, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied May 4, 1960.