[Civ. No. 19498. First Dist., Div. One. Dec. 8, 1960.]

ERVIN A. ADLER, Petitioner, v. SUPERIOR COURT OF ALAMEDA COUNTY, Respondent; HAZEL ADLER, Real Party in Interest.

Richard J. Spear for Petitioner.

No appearance for Respondent.

Thomas H. Rothwell and Russell M. Koch for Real Party in Interest.

TOBRINER, J.—Petitioner here, contending that he was improperly served with summons when he appeared as a witness in a proceeding involving the validity of the entry of a prior final decree of divorce, fails in his petition for a writ of prohibition against his wife to prevent her from proceeding in an action for separate maintenance. The two proceedings depend on a determination of the same issue: the affirmation or negation of the marital relation, and petitioner establishes no immunity from service in the separate maintenance action.

Petitioner's wife, real party in interest, began an action for divorce in 1940. She received an interlocutory decree January 16, 1941. Petitioner waived the benefits of the Soldiers' and Sailors' Relief Act, but otherwise did not appear either in propria persona or by counsel. The interlocutory decree provided neither for support nor alimony; furthermore, the court did not reserve the question. In 1941, petitioner joined the Army and is now a chief warrant officer. He has been on active duty since 1941.

We state the procedural steps which have produced the issue before us.

*First,* on November 12, 1958, approximately 18 years after the commencement of the action for divorce in 1940, petitioner, having been married at some time in the interim, appeared by counsel in respondent court and secured an ex parte final decree of divorce alleging that previously the parties had entered into a conditional reconciliation. At this point petitioner was stationed in Kentucky.

*Second,* on March 4, 1959, petitioner's wife moved to vacate the final decree of 1958 upon the grounds that the parties had been unconditionally reconciled. Petitioner's attorney was notified of the motion, but petitioner, being stationed in Germany, did not oppose it. The court granted the motion to vacate the final decree.

*Third,* petitioner, still in Germany, moved through California counsel to set aside his wife's successful motion to vacate the final decree, or in effect, to reinstate the final decree granted on November 12, 1958. The wife received no notice of petitioner's motion and did not resist. The court granted the motion on December 8, 1959.

*Fourth,* the wife then moved to set aside or vacate petitioner's successful motion of December 8, 1959. In order to be present at the hearings upon this motion, petitioner secured leave from the Army and arrived in California from Germany on May 9, 1960. The court heard the matter on May 13, 1960.

On the day of the termination of the hearings, as petitioner was leaving the courtroom, he was served with summons in the above-mentioned action for separate maintenance, maintenance and costs. Petitioner left that day for Kentucky.

*Fifth,* on May 17, 1960, petitioner's attorney entered into a stipulation which was accepted by the wife and approved by the court, providing that petitioner's motion of December 8, 1960, might be deemed to have been made, noticed and heard on May 13, 1960, and his prior testimony incorporated into the May 13, 1960, hearing upon its merits. The reason for this move apparently lay in the lack of notice to the wife of the December 8, 1959, hearing.

*Sixth,* as a result of the hearing, the court on June 14, 1960, held that the parties had become unconditionally reconciled subsequent to the interlocutory decree. The court vacated the order reinstating the final decree of December 8, 1959, upon the ground of lack of jurisdiction and approved the award to the wife on March 4, 1959, vacating the final decree.

Petitioner, in Kentucky, appeared by his attorney on a motion to quash the summons which had been served on May 13, 1960. After a hearing, the court denied the motion. It is this denial that forms the basis for this petition.

The crux of the case must turn upon whether it fits within the exception to the rule of immunity from service upon a nonresident who voluntarily enters the state to testify in a judicial proceeding. The exception pertains to the situation in which the subject matter of the action in which the service occurs arises out of or involves the subject matter of the initial proceeding. Because the facts here show that relationship we believe the service valid.

▐▌ While the general rule protects the nonresident "during a period reasonably necessary to the giving of testimony in a judicial proceeding" when he enters the state primarily for that purpose, the recognized exception to the rule permits service if the later action "arises out of or involves the same subject matter as the one in which the nonresident has made a voluntary appearance." (*Velkov* v. *Superior Court* (1953), 40 Cal.2d 289, 291, 292 [253 P.2d 25, 35 A.L.R.2d 1348].)

In the Velkov case, a New York resident appeared before a local administrative committee of The California State Bar, at their request, to testify in a disciplinary proceeding, instituted by Mrs. Velkov, against attorneys to whom Mrs. Velkov had transferred 25 per cent of certain properties as a fee for services. Mrs. Velkov alleged the transfer illegal and predi-

cated the institution of disciplinary proceedings upon that basis. When Mrs. Velkov "came to California . . . to testify in a disciplinary proceeding before that body, she was served with summons." (P. 290.) The summons emanated from an action brought by the attorneys for declaratory relief as to the transfer. Although Mrs. Velkov contended that her appearance related only to the misconduct of her attorneys and did not concern their claimed rights to the property, the Supreme Court, applying the principle above stated, held that "Mrs. Velkov was the moving party in the disciplinary proceeding, which concerns the same transaction which is the basis of the action for declaratory relief." (P. 294.) The Velkov case in turn relies upon *Slosberg* v. *Municipal Court* (1950), 101 Cal.App.2d 238 [225 P.2d 312], and *Von Kesler* v. *Superior Court* (1930), 109 Cal.App. 89 [292 P. 544], which applied the same principles.

Petitioner now, without reference to *Velkov*, states that "[t]he Slosberg and Von Kessler cases may be readily distinguished from the case at bar." The basis for that contention apparently rests upon the assertion that in the instant proceeding "[t]he sole issue . . . related to the question of whether or not there had been a reconciliation between the parties subsequent to the entry of the Interlocutory Decree." Furthermore, according to petitioner, he "did not bring such action, he being the defendant therein." As we shall point out, the grounds for distinction cannot stand.

Turning to the contention as to the initiation of the action, *Velkov*, in the first place, holds that the petitioner need not technically be a plaintiff in the second action to lose the immunity; it is sufficient if he constitutes the moving party. By stipulation petitioner here agreed that his motion to reinstate the final decree could be deemed to have been made, noticed and heard on May 13, 1960. As a consequence, petitioner accepted the role of the moving party as to the reinstitution of the final decree; the wife in that proceeding defended the order to vacate the final decree.

The more crucial issue lies in the relationship between the wife's action for separate maintenance and the proceedings in which petitioner appeared as a witness. Petitioner contends that the latter centers on the disputed question of reconciliation after the entry of the interlocutory decree and the former upon the issue of separate maintenance. But, instead of the polar separation which petitioner urges, the two proceedings bear an interrelationship. As we shall point out, an order in

petitioner's favor in the original proceedings would negate the wife's right to support and remove the basis for the separate maintenance action, and, conversely, an order in the wife's favor negates the right to the final decree, affirms the basis for the wife's right to support, and affords the ground for a separate maintenance action.

In order to achieve her objective of separate maintenance, the wife faced the necessity of removing any asserted final decree. Obviously, the final decree "grants the divorce, dissolves the marriage, restores the parties to the *status* of single persons, and permits each to marry again." (*Estate of Dargie* (1912), 162 Cal. 51, 53 [121 P. 320].) Unless the final decree provides for support, the wife, after its rendition, can claim none. (*Calhoun* v. *Calhoun* (1945), 70 Cal. App.2d 233, 236-237 [160 P.2d 923] ; *Bancroft* v. *Bancroft* (1935), 9 Cal.App.2d 464 [50 P.2d 465].) On the other hand, petitioner's success in consolidating his position on the final decree and in establishing it, would obliterate any claim for support.

In the wife's attempt to set aside the final decree the factor of reconciliation becomes vital. As is stated in *Estate of Abila* (1948), 32 Cal.2d 559, 561 [197 P.2d 10], "When parties become reconciled after an interlocutory decree and live together as husband and wife, the right to a final decree is destroyed. . . ." Indeed, as *Abila* holds, the right to support is restored upon reconciliation ; consequently, the question of reconciliation bears directly upon the wife's right to support. Upon showing a reconciliation and thereby eliminating the final decree, the wife reestablishes her right to support. The right to separate maintenance " 'rests on the fact that the relation of husband and wife exists and a decree awarding such maintenance contemplates the existence of the marital relation . . . when the decree is made. . . .' " (*Chirgwin* v. *Chirgwin* (1938), 26 Cal.App.2d 506, 508-509 [79 P.2d 772].) The integral role played, then, by the issue of reconciliation cogently affects the right to separate maintenance. The dispute as to the right to the final decree directly concerns the right to the separate maintenance. Petitioner in asserting the former cannot successfully exclude defense of the latter. Petitioner, laying hold of the marriage relationship and seeking to terminate it by the final decree, cannot coincidentally claim immunity from an action of his wife which rests upon that relationship and would seek to enforce it.

The alternative writ of prohibition is discharged and the petition for a peremptory writ of prohibition is denied.

Bray, P. J., and Duniway, J., concurred.