[Civ. No. 27076.   Second Dist., Div. Four.   Mar. 12, 1963.]

JEAN J. MINTHORNE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MAX MOORE, Real Party in Interest.

Murray M. Chotiner for Petitioner.

No appearance for Respondent.

Arnold J. Provisor for Real Party in Interest.

KINGSLEY, J.—This is an application for a writ of man-

date to require the trial court to grant a motion to quash service of summons.

Petitioner, a resident of Arizona, was a defendant in an action heretofore pending in the Superior Court, County of Los Angeles, denominated *Newfield* v. *Seeburg Distributing Co.*, being proceeding numbered 749051 in the files of that court. On September 30, 1962, petitioner came to Los Angeles from Phoenix in order to attend and to testify in that action. While he was waiting for the case to be assigned to a trial department, he was served with process in an action brought against him by the real party in interest in this proceeding, being proceeding numbered 800447 in the files of the respondent superior court. A motion to quash the service of summons in action 800447 was duly made and on December 5, 1962, was denied on the stated ground that "Showing unsufficient [*sic*] to establish that two actions not related."

On January 8, 1963, petitioner filed in this court, in our proceeding numbered 2 Civil 27036, a petition for a writ of mandate to secure an order directing the granting of the motion to quash. That petition showed only the date of the ruling on the motion. ▮▮▮ Since the statute (Code Civ. Proc., § 416.3) requires that the petition for writ of mandate be filed in this court within 10 days after service of "written notice of the order of court denying the motion," we denied the petition, stating in our minute order that it was "denied absent any showing that petition was timely filed." That order was dated January 16, 1963. Thereafter, on January 24, 1963, petitioner filed a new petition which was given the new filing number of 2 Civil 27076. In this petition he alleged facts (not denied by respondent or by the real party in interest) showing that the first petition (in No. 27036) had, in fact, been filed in time in light of extensions of time to plead granted to him in the trial court but which had not been alleged in the first petition. On the basis of the showing made in the second petition this court, by a minute order dated February 6, 1963, issued an alternative writ of mandate, which was argued before us on March 5, 1963.

On these facts, the real party in interest urges that the present petition is barred on the ground of res adjudicata. In this, he is in error. To quote from *Funeral Directors Assn.* v. *Board of Funeral Directors & Embalmers*, 22 Cal.2d 104, 110 [136 P.2d 785]: "The minute order . . . was not intended to be and is not an adjudication on the merits of the

facts presented in the application." It was a ruling solely on a procedural matter, correctable by a fuller showing. Since petitioner's time to plead in the action below had not expired when the petition in number 27076 was filed, that petition was timely and the alternative writ properly issued.

On the merits, we think the motion to quash service of summons should have been granted by the trial court. ▇▇ Both parties agree that the general rule prohibits service of summons on a nonresident who is in this state solely to attend, as party or witness, on other pending litigation. ▇▇ To this rule, however, the courts have made an exception where the second suit, in which service of summons is questioned, is closely related to the first action. We have reviewed the two cases relied on in the trial court and the other cases cited by the real party in interest: (1) In *Von Kesler* v. *Superior Court*, 109 Cal.App. 89 [292 P. 544], the second action was directly related to the first suit, being one for malicious issuance of an attachment in the original action. (2) In *Slosberg* v. *Municipal Court*, 101 Cal.App. 2d 238 [225 P.2d 312], the visitor had instituted proceedings in a probate matter, contending that the administrator had not accounted for certain clothing of decedent; in the second action the administrator contended that the visitor had, in fact, withheld from him clothing of the decedent to which he was entitled. (3) In *St. John* v. *Superior Court*, 178 Cal.App.2d 794 [3 Cal.Rptr. 535], the visitor had come to California to testify in an administrative proceeding before the Corporation Commissioner, involving a "cease and desist" order as to the sale of certain stock. The second action was a suit to rescind a sale of stock of the same issue as that involved in the administrative hearing. (4) In *Adler* v. *Superior Court*, 187 Cal.App.2d 207 [9 Cal.Rptr. 373], the parties were litigating the validity of the entry of a final decree of divorce; while in California in order to testify in that matter, the visitor was served with process in an action for separate maintenance by his (allegedly former) wife. (5) In *Gaines* v. *Superior Court*, 196 Cal.App.2d 749 [16 Cal.Rptr. 909], the summons was of an amended complaint adding the visitor as an additional party in the very action in which he had first appeared.

We do not regard any of these cases as supporting the service of summons in the present matter. In *Von Kesler* and in *Gaines*, the two actions were but parts of the same law suit; in *Slosberg*, in *St. John*, and in *Adler*, the two ac-

tions involved a common issue of fact—title to personalty, fraudulent representations, and the existence of a marriage, respectively.　　　　　But in the present case, the second action is merely a suit to collect the sale price of property sold by the real party in interest to the petitioner, some of which property petitioner had subsequently sold to the plaintiff in the first suit. The parties are not the same; no issue in the first suit is involved in the second, nor vice versa. The general rule, and not the exception, applies. (See *Russell* v. *Landau*, 127 Cal.App.2d 682 [274 P.2d 681].)

Let a peremptory writ issue, as prayed, directing respondent court to grant petitioner's motion to quash service of summons in its proceeding number 800447.

Burke, P. J., and Jefferson, J., concurred.